WATSON, TRUSTEE, *v.* BALZHISER ET AL.

[Cite as Watson v. Balzhiser, 21 Ohio Misc. 33.]

(No. 37509—Decided December 4, 1969.)

Common Pleas Court of Clermont County.

*Mr. Allen Burreson*, for John L. Watson, trustee.
*Mr. Chris Erhardt*, for defendants.

NICHOLS, J.   This matter is before the court on a motion filed on behalf of the defendants, Henry B. Balzhiser and Ada Balzhiser for summary judgment, stating that they are entitled to judgment as a matter of law.

Before going into the question of the rights of the court under the summary judgment statute, the court will outline the claim on which the petition is based, and the undisputed facts.

The petition which was filed on May 22, 1969, is for specific performance against the defendants Balzhiser for completion of a real estate contract.  The contract was in writing and there is no dispute as to its terms.  Likewise the legal description of the real estate which is partially in Clermont County and partially in Brown County is at-

tached to the petition and there is no dispute as to that description.

The contract, in essence, was an offer by John L. Watson, Trustee, to purchase 194 acres of land from Henry B. Balzhiser and Ada Balzhiser for the sum of $80,000.00. While the contract calls for a downpayment of $3,000.00 there is no dispute that actually there was $4,000.00 paid on the downpayment. The contract is on a printed form of Baumgartner Realtor, dated February 8, 1969, and was accepted on the same date. The contract sets out that the "balance of $77,000.00 (now $76,000.00) to be paid in cash upon delivery of deed." The contract further provides that taxes due and payable in June 1969, which is the last installment of 1968, were to be paid by the vendors and that the vendees pay the taxes thereafter. The contract further provides that the owner should deliver a warranty deed conveying to the purchaser a good title to the property with dower rights, if any, released free and clear of all liens and encumbrances whatsoever except zoning ordinances, if any, restriction of record.

There are three mortgages on the property. There is no dispute as to the amount due on each of these particular mortgages, they having set up their claim by answer.

The sale was to be completed at the office of any attorney or lending institution on or before ninety days from the date of acceptance. It was agreed by the parties that that closing date was extended to May 19th.

Thereafter a demurrer was filed by the defendants Balzhiser on the ground that there was a defect of parties plaintiff, and a misjoinder of parties defendant, and that the plaintiff had not legal capacity to sue. This demurrer was overruled by the court in a written decision filed on July 24, 1969. The details of that decision will be set forth hereafter.

Thereafter the defendants Balzhiser filed an answer setting forth the execution of the contract, the price contained therein, and the downpayment of $4,000.00, also setting out that the closing time was extended to May 19, 1969, and, admitting the defendants that were set out

as lienholders had an interest in the property. They further alleged in the answer that the time was extended for closing until May 19, 1969, and that they met in the office of the plaintiff on May 19, 1969, prepared to deliver a deed, but that the plaintiff failed and refused to pay in cash the amount of the purchase price. They also, in the answer, state that certain individuals and companies had an interest in the property, and should have been made parties defendant. However, that matter had been determined by the ruling on the demurrer.

Attached to the answer there were a total of 17 special interrogatories with some subdivisions to these interrogatories. A demurrer was filed to all of the interrogatories and the court sustained the demurrers to the first ten interrogatories and to 11-C, D, E and F and to interrogatory number 14. The answers were filed to all of the other interrogatories.

Thereafter a motion for summary judgment was filed on behalf of the defendants, Henry B. Balzhiser and Ada Balzhiser, setting out that they were entitled to judgment as a matter of law, and along with the motion for summary judgment, there was an affidavit of Chris Erhardt, the attorney for Mr. and Mrs. Balzhiser. This affidavit in substance, states that the parties met at the office of the plaintiff at about 4:30 p. m. on May 19, 1969, and that at that time the plaintiff offered the defendants a check drawn on the Watson & Jones trustee account for the balance due these defendants after the payment of the mortgages and other expenses. This check was refused and the defendants did not deliver the deed.

The affidavit further states that the plaintiff then exhibited a cashier's check drawn on the Clermont National Bank in the sum of $76,000.00, payable to John L. Watson, Trustee. The affidavit further states that the plaintiff offered to deliver this check to the defendants, Henry B. Balzhiser and Ada Balzhiser and that the check was refused on the ground that it was not payment in "cash."

The plaintiff filed no counter affidavit. It was, however, agreed by the attorneys that the hearing on the ap-

plication for summary judgment, that on the following day John L. Watson as trustee offered to deliver to the defendants Balzhiser a certified check or cashier's check, drawn on the Clermont National Bank in the full amount due the Balzhisers after payment of the mortgages on the property, the liens for taxes that the sellers were to pay, the real estate commission, which liens and expenses total $70,340.57, which left a balance due the Balzhisers on their contract in the sum of $5,659.43. There was no dispute as to the amount due on these particular figures at that time. Likewise, it was agreed that the Balzhisers or their attorney would not accept this cashier's check, claiming that they must be paid in "cash." It is likewise agreed that at no time did the plaintiff, John L. Watson, Trustee, tender to the defendants Balzhiser any cash on the contract other than in the form stated in their answer to interrogatories and in the petition, and as is stated in the affidavit of Mr. Erhardt. It is on this basis that the defendants Balzhiser asked the court for summary judgment.

Several other matters are set out in the pleadings, but not determinative of the matter on summary judgment. These are the claims of the various lienholders, the claim of the real estate agent and the claim of the plaintiff in his second cause of action for damages in the amount of $1,500.00, for additional time and expenses for failure to comply with the terms of the contract and delivery of the deed at the time agreed to.

As is stated, this is before the court on the application of the principal defendants for a summary judgment. This section is set out in Section 2311.041, Revised Code. The court finds that all of the preliminary matters necessary for the court to consider the motion for preliminary judgment have been complied with and the matter is before the court for determination. The principal question presented to the court is, "Has the contract been breached by the plaintiff for failure to pay to the defendants 'cash,' and by reason of that breach, the defendants entitled to a summary judgment cancelling the contract?"

The court finds that there are no material facts that are undisputed in regard to this particular question that is involved. The court for reasons that will be hereinafter stated finds that the motion for summary judgment is not well taken and the same will be denied. The court can only grant a summary judgment under provisions of Paragraph (B) of Section 2311.041, Revised Code, to the party making that motion, so when the matter is denied, the court will then consider the authority granted under the summary judgment section in Paragraph (C). That section provides in substance that where the summary judgment cannot be granted on the whole case the court must make a finding of facts which are without controversy and those facts which are in good faith controverted. The court is then authorized to make a journal entry specifying the facts that are without controversy and, of course, to find those which are controverted and then make an order "directing such further proceedings in the action as are just."

The court finds as a matter of fact that all of the stipulated matters set out and included herein are true, and that there is no factual dispute as between the plaintiff and the defendant in connection with the basic question whether the contract has been complied with on behalf of the plaintiff and that the only factual matters in dispute are the extent of damages, if any, that are asked by the plaintiff.

The court realizes that a summary judgment under Paragraph (B) can only be issued in favor of the party requesting it; however, the court feels that under Paragraph (C) the court should direct such proceedings in this action as are just, and based on that the court will rule as follows:

The original demurrer set out that the defendants had a right to ascertain who were the beneficiaries of the trust. The court in sustaining the demurrer ruled otherwise and reaffirms that decision. The original contract was made with John L. Watson, Trustee. The only requirements made of the defendants upon receipt of the purchase money is to execute a deed in accordance with the terms of the contract to John L. Watson, Trustee, and there is no obligation under the terms of the original contract for the

defendants to know who the beneficiaries of the trust are, or what interest they have in the property. That is solely the responsibility of John L. Watson as trustee to carry out his obligations to his beneficiaries.

There was a statement in the motion for summary judgment that the plaintiff had requested the defendants to make out a deed in the name of some person other than himself as trustee, and the defendants had agreed thereto. The court finds that that is not in conformity with the original contract, and even though agreed to, should not be done as in the event the defendants elect to make a deed to a person other than John L. Watson, Trustee, that would be taking a chance of making it to a wrong person. In the same way the court ruled that people who the defendants might feel have a claim in the property should be made parties to the suit was overruled by the court and that ruling is affirmed by the court at this time on the basis that they are not necessary parties to the suit and any person having an interest in the trusteeship must deal directly with John L. Watson, Trustee.

Coming to the basic question whether or not an offer of a cashier's check in the full amount of money due under a contract where the bank itself is a recognized national bank and there being no question of the solvency of the bank or no question of the check being honored, that of itself, is in compliance with the terms of the original contract, and upon that offer the defendants should have delivered the deed.

There have been submitted to the court many older cases dealing with what is legal tender, what is acceptable as payment of a debt, and the right to demand cash in payment of a debt, and while those cases are extremely interesting, most of them are very old and in the court's opinion, are not in conformity with the present standards of law and the present basis on which all real estate transactions are closed.

The main question in determining the meaning of a contract is the intention of the parties. This court prior to going on the bench had approximately forty years practice, a good portion of which included real estate practice

and closing of real estate transactions. In those forty years, I never had heard of a case where a cashier's check, a certified check, a check of a building and loan was not accepted as equivalent to cash. All real estate contracts except those that provide for the seller taking a second mortgage are designated sales for cash, and the court will rule that the offer of a cashier's check or a certified check on a recognized bank is compliance with the contract.

As a matter of fact, the plaintiff in this case went far beyond what was required of him by offering the full amount of $76,000.00, and leaving the responsibility of cancelling mortgages and other indebtedness of over $70,000.00 to the sellers, and again on the following day, the banks being closed at the time of the original meeting, offered again to deliver the exact amount due to the sellers for their interest in the contract, which was again refused by the sellers.

In this day of bank transactions and the very large amount of real estate deals, of which all are transacted by commercial paper, and while the attorney for the sellers certainly has a responsibility to see to it that the checks that are given are valid checks, such as that of a building and loan, cashier's check or certified check, and would not be required to accept a personal check of any individual, nevertheless, the tender offered in this case was substantial, and the court finds equivalent to cash.

The contract in this case states that the sellers should deliver a deed free, clear and unencumbered, and of course, at the time the deed was ready for delivery, the property was not free and clear of all liens and encumbrances. As a matter of fact, there were liens and claims of some $70,-000.00, out of a total of $76,000.00, and certainly the purchaser could not insist that the sellers out of their own funds pay off all encumbrances on the real estate, and deliver to them a deed without any mortgages thereon.

As is customary and as is contemplated by all of the parties to the original contract, that the normal and everyday custom in closing real estate transactions be met at the time the original contract was signed, and for that reason the court holds that the plaintiff complied with her

terms and that the defendants were not required to pay off in cash all prior encumbrances, but could accept the difference to that and either pay them off out of the proceeds or permit the purchaser to pay off the encumbrances and pay the sellers the balance.

With that in mind, the court will order what it feels to be just in this case; that the injunction prayed for in the petition be allowed, and that the defendants Henry B. Balzhiser and Ada Balzhiser be required under mandatory injunction to prepare and deliver a good and sufficient warranty deed for the premises described in the petition.

In view of the past disagreement between the parties, the court will direct how the sale shall be closed. The court will appoint Paul Yelton an attorney of Bethel, Ohio, to be the escrow agent, and he will receive and hold the deed until the payment thereof is completed. The deed shall be delivered to him and the grantee shall be John L. Watson, Trustee. The deed shall be delivered within ten days after the filing of this order. Along with the deed, the grantors shall deliver statements from all lienholders on the property, and with the amount designated at the time of the delivery of the deed. The purchaser, John L. Watson, shall have an opportunity to verify these statements and to check if there are any other liens on the premises either in Brown or Clermont County and in the event there is a discrepancy in the amount due the lienholders, the amount of taxes, or the real estate commission, the matter will be submitted to the court for final determination.

The escrow agent shall have the responsibilty of receiving and holding the purchase money and paying off the various liens, or the liens may be paid directly by the purchaser, and on delivery to the escrow agent of the cancelled liens, the escrow agent shall deliver the deed to John L. Watson, Trustee. This may be done simultaneously with the cancellation of the various liens. It will be ordered that the escrow agent be paid the sum of $250.00 for his services in this matter. The purchasers shall make payment within five days after the delivery of the deed and the statements of the amounts due on the liens.

After all liens are paid and the costs of this action are paid which are adjudged against the defendants Balzhisers, the escrow agent shall pay over the balance of the money to Henry B. Balzhiser and Ada Balzhiser, subject, however, to any finding of the court of any damages that might be found due the plaintiff for failure to carry out the terms of the contract as the same became due. The court will set for hearing the question of any damages at the early convenience of both the attorneys. While the court does not desire to pre-judge the question of damages, it will give thoughts to the attorneys that inasmuch as there were many decisions in respect to the definition of cash that might lead the attorney for the sellers to feel he was justified in withholding the delivery of the deed, and the court feels that there was some justification for that, even though this ruling is to the contrary, and it would be the preliminary thought of the court that no such damages would be awarded unless some very definite evidence of hardship or damages has been sustained. The court will, however, reserve final determination until after the hearing on this matter.

It will be ordered that this decision be journalized.