**James T. WINDHAM, Appellant,**

v.

**ALPINE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 8258.

Court of Civil Appeals of Texas, Amarillo.

April 3, 1972.

Rehearing Denied April 24, 1972.

Stubbeman, McRae, Sealy, Laughlin & Browder, Tom Sealy and Harrell Feldt, Midland, for appellant.

Lumpkin, Watson, Smith & Barras, Robert Page Smith, Amarillo, for appellee.

REYNOLDS, Justice.

Our former opinion released on March 27, 1972, is withdrawn and the following opinion is substituted therefor:

James T. Windham, plaintiff, has appealed from an order sustaining the plea of privilege of Alpine Independent School District, one of the defendants named in this suit filed in Potter County, to be sued in Brewster County, the county of its residence. Affirmed.

The events leading to this litigation began when Alpine Independent School District and McMorries & Company, Inc., entered into a tax consultant contract. In consideration of the services to be per-

formed thereunder by McMorries, the school district issued and delivered to McMorries five available fund warrants, numbered one through five, payable to the order of McMorries and maturing in serial order on the first day of December in 1967, 1968, 1969, 1970 and 1971. H. L. Shaffer & Company, a firm dealing in municipal bonds and investment securities, offered the warrants for sale and the Midland National Bank purchased them for Windham. Windham's payment for the warrants was transferred by the bank to Shaffer and, according to Shaffer's testimony, paid to McMorries. When the warrants began to mature, the school district refused payment, alleging it had no lawful obligation thereon because of failure of consideration in that McMorries did not perform under the tax consultant contract. After the first two warrants became due and were not paid, Windham filed his suit in Potter County against Alpine Independent School District, a resident of Brewster County, and against McMorries & Company, Inc., and H. L. Shaffer, individually and doing business as H. L. Shaffer & Company, alleged to be Potter County residents. Windham sought recovery on the first two warrants that were then matured and unpaid from the school district as maker and from McMorries as endorser. Alternatively, and only in the event that the school district was not legally liable on the warrants, Windham sought from Shaffer restitution of the monies paid Shaffer for the warrants. Further in the alternative, the suit asked for a declaratory judgment adjudicating the validity of the warrants and the defense claimed by the school district.

Shaffer and the school district were cited and answered, the answer of the school district being made subject to its previously filed plea of privilege to be sued in Brewster County. Windham controverted the plea of privilege, asserting his right to maintain venue against the school district in Potter County under subdivision 4 of art. 1995, Vernon's Ann.Civ.St., which provides:

"4. Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

At the time of the venue hearing, McMorries had not been served or answered, and the venue hearing was not, and this appeal is not, concerned with McMorries' assigned role in this controversy.

Following the venue hearing, the trial court sustained the school district's plea of privilege and ordered the cause of action alleged against the school district transferred to Brewster County. No request was made for, and the trial court did not make and file, findings of fact and conclusions of law.

Windham assigns as error the action of the trial court in sustaining the plea of privilege. This was error, Windham contends, because he alleged and proved, as a matter of law, that (1) defendant Shaffer resides in Potter County, (2) Windham has a cause of action against Shaffer, and (3) the cause of action alleged against the nonresident school district is so intimately connected with the proven cause of action against Shaffer as to permit the joinder of the school district as a proper party to prevent a multiplicity of suits. The school district has responded with two counterpoints contesting the assertion that a cause of action was proved against Shaffer and declaring that, in any event, the action alleged against the school district can be maintained only in Brewster County be-

**864**

cause of the mandatory last provision of subdivision 4 of the venue statute.

 The application of an exception to the valuable right of a defendant to defend in his own county a suit brought against him must clearly appear from plaintiff's allegations and proof of venue facts. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939). On appeal from an order sustaining or overruling a plea of privilege, the review is the same as in any other case, and if the evidence is sufficient to support the trial court's finding, the finding is not to be disturbed. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Where, as here, no findings of fact and conclusions of law are filed in support of the trial court's ruling, the order of the trial court will be affirmed if there is evidence to support it upon any theory in the case. Lewis v. Parish, 278 S.W.2d 507 (Tex.Civ.App.—Amarillo 1954, no writ); Suit v. Taylor, 218 S.W.2d 243 (Tex.Civ.App.—Dallas 1949, no writ); Rasberry v. Jones, 195 S.W. 2d 947 (Tex.Civ.App.—Fort Worth 1946, no writ).

The parties are agreed that Windham's burden under the permissive first sentence of subdivision 4 is delineated by the authoritative statements contained in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936). There, it was determined that the alleged venue facts of residency of one defendant in the county where the suit was filed and a cause of action against him must be proved by affirmative evidence. It was further determined that the alleged venue facts of two or more resident and non-resident defendants and a joint cause of action against them, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the non-resident defendant may be joined under the rule intended to avoid a multiplicity of suits, is proved by the plaintiff's petition. Wind-

ham argues that he has discharged his burden as a matter of law under this criteria, but reference to Windham's petition convinces us that it fails to prove that his cause of action against Shaffer is so intimately connected with the cause of action alleged against the school district as to deprive the school district of its right to be sued in Brewster County. It follows that the trial court's order is sustainable upon this theory in the case.

Windham states that it is essential that this court realize that his cause of action against Shaffer is separate and distinct from his cause of action against the school district, and we accept this statement. As cast, the petition alleges the primary cause of action to be for recovery on the warrants against the non-resident school district as maker and McMorries as endorser. The petition then states, "Alternatively, and only if it be established that the said warrants are not a lawful obligation of the Alpine Independent School District, then plaintiff seeks restitution of the monies paid by him to H. L. Shaffer & Company for such warrants * * *." The prayer of the petition is for the same relief pleaded.

 Thus, as he has pleaded his case, if Windham recovers on his primary action against the school district as maker of the warrants, his recovery is complete and he has no cause of action against Shaffer. On the other hand, under his pleadings, Windham cannot proceed against Shaffer until and unless it is established that the school district has no liability on the warrants. In that event, Windham would be relegated to his suit against Shaffer for the full recovery he seeks. It follows that, in either event, the presence of one defendant is not required for Windham to achieve full recovery for, in the special circumstances pleaded here, the wrongdoer would be responsible for the entire result and could not escape the full responsibility for his acts which alone caused the loss

claimed. Citizens' Nat. Bank of Abilene v. Overstreet, 46 S.W.2d 409 (Tex.Civ. App.—Texarkana 1931, writ ref'd). To authorize a joinder of this non-resident defendant, there must be shown a community of responsibility, and it is not sufficient to show a valid cause of action against each defendant, or to show a liability in the alternative. Danciger v. Smith, 229 S.W. 909 (Tex.Civ.App.—Dallas 1921, no writ).

■ The result is that neither Shaffer nor the school district is a proper party to the suit Windham has alleged against the other. This is true because the acts of the school district taken in Brewster County and the acts of Shaffer performed in Potter County had no concert or unity of design between them and did not operate simultaneously to produce the injuries pleaded by Windham to have arisen from the separate and distinct acts of these two defendants. Kroll v. Collins, 340 S.W.2d 838 (Tex.Civ.App.—San Antonio 1960, no writ). Under Windham's pleadings, each of these two defendants is liable for his own wrong, if any, producing full recovery from that alleged wrongdoing, and the conclusion that the final result of the cause of action against one defendant is necessarily contingent upon the ultimate result of another and different cause of action against the other defendant does not demonstrate that the two causes of action are so intimately connected as to cause one of the defendants to be a proper party to the suit against the other. Fitts v. Calvert, State Comptroller, 374 S.W.2d 274 (Tex.Civ.App.—Fort Worth 1963, writ dism'd w. o. j.).

The result we have reached renders it unnecessary to discuss or determine whether the trial court's order is sustainable upon the school district's contention that Windham failed to prove a cause of action against Shaffer or that the mandatory second sentence of subdivision 4 requires the action taken by the trial court.

The order of the trial court is affirmed.