Charles ANGELO, Trustee, et al., Appellants,

v.

CHEMICAL BANK AND TRUST COMPANY, Appellee.

No. 18681.

Court of Civil Appeals of Texas, Dallas.

Oct. 9, 1975.

Rehearing Denied Nov. 20, 1975.

Grier H. Raggio, Raggio & Raggio, Dallas, for appellant.

James F. Newth, Dallas, for appellee.

Sidney L. Farr, Farr & Fillion, Houston, for appellants.

Aubrey B. Calvin, Dyche, Wright, Sullivan, Bailey & King, Houston, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Venue action. Charles Angelo, individually and as trustee, Eddie Angelo and Angelo's Fisherman's Wharf, Inc. (Angelo) brought this action in the district court of Dallas County complaining of Kline Investment Corporation (KIC), Stanley N. Kline, Chemical Bank and Trust Company (Chemical), Mercantile National Bank of Dallas (Mercantile), American Title Company of Dallas (American Title), John K. Pearcy and Company, Inc. (Pearcy) and Guardian Savings and Loan Association (Guardian), seeking specific performance of a contract to convey land located in Dallas County and for damages. All defendants were residents of Dallas County with the exception of Chemical. Chemical duly filed a plea of privilege to be sued in Harris County, Texas, its place of residence. Plaintiffs filed a controverting affidavit in which, *inter alia,* they alleged that venue as to Chemical was properly in Dallas County by virtue of Tex. Rev.Civ.Stat.Ann. art. 1995(4) (Vernon 1964). Following hearing, the trial court, sitting without a jury, sustained Chemical's plea of privilege and ordered that the cause of action against Chemical be severed and transferred to a district court of Harris County, Texas. Plaintiffs appeal from that order, contending primarily that the trial court erred in sustaining the plea of privilege because the record shows without contradiction that under art. 1995(4), venue against Chemical lies in Dallas County.

■ To maintain venue under art. 1995(4), where there is a resident and non-resident defendant, plaintiff establishes his

right to maintain venue in the county where the action is brought (a) by proving by independent evidence that a defendant or defendants in fact reside in said county; (b) by proving by a preponderance of the evidence that the plaintiff has a cause of action against a resident defendant; and (c) alleging a joint cause of action against the resident and nonresident defendant or a cause of action against the nonresident defendant so intimately connected with the cause of action proved against the resident defendant that the two may be joined under the rule intended to avoid multiplicity of suits. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Kirksey v. Warren*, 348 S.W.2d 33 (Tex.Civ.App.- Dallas 1961, no writ) and *Schulz v. Schulz*, 478 S.W.2d 239 (Tex.Civ. App.-Dallas 1972, no writ).

In light of these rules we have examined the entire record, and we are convinced that plaintiffs sustained the burden imposed upon them to affirmatively bring the cause of action alleged against Chemical within art. 1995(4).

As to the requirements set forth in (a) above, the record conclusively establishes that all the named defendants, with the exception of Chemical, are residents of Dallas County, Texas, where the suit was filed.

Before discussing plaintiffs' compliance with requirements (b) and (c), we will summarize plaintiffs' pleadings. Plaintiffs allege that on or about February 10, 1973, KIC and plaintiffs entered into a valid and binding written contract whereby KIC agreed to sell plaintiffs certain real property located in Dallas, Texas, for $3.25 per square foot. Plaintiffs say that at all times since the contract was made they have been ready, willing and able to carry out the contract and have tendered the payment in full. Plaintiffs allege that they performed all conditions precedent to that right to have the property conveyed to them but that KIC and its sole owner and alter ego Kline wrongfully failed and refused to convey the property and repudiated and breached the contract. They allege also that both KIC and Kline should be held liable for specific performance of the contract and required to deliver to plaintiffs a deed to the property. In addition plaintiffs seek judgment against KIC and Kline for damages proximately resulting from the delay in plaintiffs' acquisition of legal title and possession of the property caused by the wrongful breach and refusal to convey the property. If specific performance is not available plaintiffs ask, alternatively, that they have judgment against KIC and Kline, jointly and severally, for actual damages suffered as a result of the breach of contract. More specifically, plaintiffs allege that KIC and Kline wrongfully recalled the $20,000 earnest money check provided for in the contract after the check was received but before the check had been honored or dishonored by Chemical, the bank on which that check was drawn. American Title, acting for KIC, turned the earnest money check over to Mercantile for collection, and Mercantile mailed it to Chemical in Houston for collection. On the same day that Chemical received the check and before the close of regular banking hours. Mercantile by telephone instructed Chemical to return the check without waiting to see whether Chemical would honor and pay the check. Plaintiffs plead that, had Mercantile not issued the instructions to Chemical, the check would have been honored and paid in due course on the same day it was received by Chemical. As a result of the wrongful and arbitrary instruction, defendant Mercantile is jointly and severally liable with KIC and Kline for damages suffered by plaintiffs. Finally plaintiffs allege, in the alternative, that Chemical wrongfully and without justification failed to or refused to honor the $20,000 earnest money check when that check was presented to Chemical for payment. There were, plaintiffs state, ample funds on deposit with Chemical to cover the earnest money check, and plaintiffs and Chemical had agreed that this check would be honored, regardless of whether there were sufficient funds in the

particular account on which the check was drawn to cover the check. The bank's refusal to honor the check amounted to negligence or breach of the agreement between plaintiffs and Chemical for which plaintiffs are entitled to recover damages.

The question presented is whether plaintiffs have satisfied the requirements of (b) above, by proving by a preponderance of the evidence their cause of action against a resident defendant.

■ As to the cause of action against Kline and KIC for specific performance and for damages, the testimony offered by plaintiffs conclusively established the terms of the written contract between plaintiffs and KIC. The contract itself was offered in evidence and revealed seller's obligation to deliver a deed to plaintiffs upon receipt of the consideration set forth. The evidence shows that plaintiffs fulfilled their contractual obligations by tendering the amount of earnest money agreed upon and by tendering the full amount of the consideration; plaintiffs have continuously remained ready to perform. The evidence shows that KIC and Kline breached the contract by refusing to carry out their obligations to convey the property to plaintiffs. We find that plaintiffs have, as a matter of law, met the requirements of proving a cause of action against resident defendants KIC and Kline.

Chemical argues that plaintiffs did not prove a cause of action against KIC and Kline because plaintiffs failed to prove they tendered the consideration in cash, as required by the terms of the contract. Chemical contends also that the tender of a cashier's check is not equivalent to the tender of cash. We cannot agree.

Chemical has not cited, nor has our investigation revealed, any authority to support its contention. In the case of *Watson v. Balzhiser*, 21 Ohio Misc. 33, 254 N.E.2d 730, 734 (C.P. Clermont County 1969), an almost identical state of facts was presented, and the court, in denying the same contention now made by Chemical, said:

In this day of bank transactions and the very large amount of real estate deals, of which all are transacted by commercial paper, and while the attorney for the sellers certainly has a responsibility to see to it that the checks that are given are valid checks, such as that of a building and loan, cashier's check or certified check, and would not be required to accept a personal check of any individual, nevertheless, the tender offered in this case [a cashier's check] was substantial, and the court finds equivalent to cash.

Our Supreme Court in *Wertz v. Richardson Heights Bank and Trust*, 495 S.W.2d 572 (Tex.1973) said that a cashier's check is a bill of exchange drawn by a bank upon itself and accepted in advance for the act of its issuance, and it is not subject to countermand by either its purchaser or by the issuing bank. Thus, said the court, the rule may be stated that a cashier's check is accepted for payment when issued.

■ We hold that where the evidence, as in this case, discloses that plaintiffs tendered a cashier's check, as opposed to a check drawn on plaintiffs' personal account, for the total purchase price, plaintiffs have complied with the requirement of the contract stating that payment was to be made in cash.

■ This brings us to a consideration of the question of whether plaintiffs have satisfied the requirements of (c), referred to above, by properly alleging a cause of action against the nonresident defendant Chemical. We conclude that plaintiffs did satisfactorily allege a cause of action against Chemical which is so intimately connected with the cause of action alleged against the resident defendants that the two may be joined under the rule intended to avoid multiplicity of actions, and plaintiffs have thereby satisfied the rule announced by the Supreme Court in *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936), and also in *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959).

A careful analysis of plaintiffs' pleadings reveals that plaintiffs' chief cause of action flows from the alleged breach of the contract to convey real estate between plaintiffs and KIC. Plaintiffs' cause of action against Chemical arose from an alleged breach of an agreement between plaintiffs and Chemical that Chemical would honor the $20,000 escrow check upon presentation. While it cannot be said that plaintiffs' allegations concerning the resident defendants Kline and KIC and its allegations concerning the nonresident defendant Chemical constitute a joint cause of action, nevertheless, the cause of action asserted against Chemical is intimately connected with the cause of action alleged and proved against Kline and KIC. The validity of the earnest money check and the circumstances of its recall or dishonor are common questions of fact with respect to the causes of action alleged against all defendants. We hold that, under the peculiar facts and circumstances presented here, the case falls directly within the ambit of the rule announced by the Supreme Court in *Stockyards National Bank v. Maples, supra*, and reiterated in *James v. Drye, supra*. The rule was designed by the Supreme Court to avoid multiplicity of action, permitting one court to dispose of all issues and parties in the same litigation.

Chemical, while recognizing the broad general language of *Stockyards National Bank v. Maples, supra*, relies upon the cases of *Danciger v. Smith*, 229 S.W. 909 (Tex. Civ.App. Dallas 1921, no writ); *Windham v. Alpine Independent School Dist.*, 478 S.W.2d 861 (Tex.Civ.App.–Amarillo 1972, writ dism'd); and *Hanslik v. Nickels Ginning Co.*, 496 S.W.2d 788 (Tex.Civ.App.–Amarillo 1973, no writ). *Danciger* was decided prior to *Stockyards*. *Hanslik* does not conflict with *Stockyards* or our decision here. *Windham*, however, does restrict the language of the Supreme Court in *Stockyards* by holding that to authorize a joinder of the nonresident defendant under art. 1995(4) "there must be shown a community of responsibility" and that it is not sufficient to show "liability in the alternative." We do not agree with the conclusions reached in *Windham*. The proper test for joinder of a resident and nonresident defendant under art. 1995(4) is the existence of common questions of fact. We think this test is consistent with the "intimately connected" requirement of *Stockyards*.[1] Plaintiffs have satisfied this test.

Plaintiffs, having met the burden imposed upon them to bring themselves within the exception of the venue statute, are entitled to litigate the entire cause of action against all defendants in Dallas County. We hold that the trial court erred in sustaining the plea of privilege of defendant Chemical.

In light of this holding, we need not discuss the remaining points of error raised by plaintiffs. We, therefore, reverse the judgment of the trial court and render judgment that the plea of privilege filed by Chemical is denied. All costs herein are assessed against Chemical.

Reversed and rendered.

---

1. We note that this rule is also consistent with Tex.R.Civ.P. 40(a) which provides:

   All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

   We recognize, however, that pursuant to Tex.R.Civ.P. 816 and *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969 (1951) the general venue rules are not altered by our Texas Rules of Civil Procedure.