Earl SHANK, Appellant,

v.

William P. MARTINDALE, Appellee.

No. 1113.

Court of Civil Appeals of Texas,
Tyler.

March 30, 1978.

Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

Joseph J. Bonney, Bonney, Wade & Stripling, Dallas, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege.

William P. Martindale, plaintiff, sued defendants, Lewisville Title Company, a corporation domiciled in Dallas County; Bobby Tim Martindale, a resident of Dallas County; Blacklands Production Credit Association (Blacklands), domiciled in Limestone County; and R. G. Beall and Earl Shank, residents of Cherokee County, Texas. Shank filed a plea of privilege seeking to have the cause as to him transferred to Cherokee County, the county of his residence. Plaintiff, William P. Martindale, filed a controverting plea, alleging that venue as to Shank was properly laid in Dallas County under Subdivision 4 of Article 1995, Tex.Rev.Civ.Stat.Ann. The cause was submitted to the trial court upon an agreed statement of facts. After a hearing, the court entered an order overruling Shank's plea of privilege and he duly perfected this appeal.

We reverse and render.

In essence, plaintiff's petition shows that this is a suit for damages for breach of contract against Lewisville Title Company and Bobby Tim Martindale for failure to secure a subordination agreement which would have subordinated a vendor's lien held by Beall and Shank to a vendor's lien held by Blacklands prior to the closing of a real estate transaction. The petition alleges that the plaintiff and others purchased from Jon Stuart a tract of land situated in Cherokee County for a valuable consideration in the form of cash and notes and that the funds were turned over to defendant, Lewisville Title Company, for proper disbursement. At the time plaintiff purchased the land defendants, Earl Shank and R. G. Beall, held a vendor's lien note on the land in the amount of $102,792.24. Prior to the closing Jon Stuart executed a general warranty deed to plaintiff and others. The deed recited the execution of a first vendor's lien note in the amount of $120,500.00 payable to Blacklands and recited the assumption of the $102,792.24 note of Beall and Shank which was subordinated to the Blacklands' lien and further recited that the Blacklands' lien was a first lien. The deed also recited the execution of a third lien note payable to the grantor, Jon Stuart, in the amount of $46,921.71. The deed, together with a deed of trust in favor of Blacklands and Stuart, was delivered to Lewisville Title Company prior to the closing. Plaintiff alleged he relied on Lewisville Title Company to secure a subordination of the $102,792.24 vendor's lien note held by Beall and Shank to the vendor's lien note payable to Blacklands; that Lewisville Title Company took the $120,500.00 advanced to plaintiff by Blacklands and disbursed the funds without obtaining a valid subordination agreement from Beall and Shank; that as a result the lien held by Blacklands became inferior to the lien held by Beall and Shank. Plaintiff alleged further that he relied on Lewisville Title Company to procure the proper documents, to insure title and to insure the validity of the first lien note to Blacklands, and that Lewisville's failure to properly close the transaction subjected him to personal liability on Blacklands' $120,500.00 note.

Plaintiff further alleged that defendant, Bobby Tim Martindale, represented to both him and Lewisville Title Company that he would obtain a subordination agreement from Beall and Shank, and that his failure to do so subjected him to personal liability on the Blacklands' note as a result of which he suffered damages in the amount of $120,500.00. Plaintiff prayed for damages against both Lewisville Title Company and Bobby Tim Martindale in the amount of the Blacklands' note of $120,500.00 and the amount of the note held by Beall and Shank in the amount of $102,792.24.

For a cause of action against Shank, the nonresident defendant, plaintiff alleged:

"The Plaintiff seeks against the Defendants Shank and Beall the subordination of their lien securing their $102,-792.24 note to the $120,500.00 note payable to Blacklands, or in the alternative, the Plaintiff seeks an order of this Court directing Lewisville Title Company to pay said lien to said Defendants Shank and Beall so as to effect a first lien position for the note of Blacklands."

Other than the prayer, the foregoing allegations constitute the only pleadings involving Shank in the transaction. This same position is repeated in the prayer wherein plaintiff prayed:

". . . for judgment subordinating the lien of Shank and Beall to the note of Blacklands or for payment by said Defendant title company to Shank and Beall of such note payable to them."

The evidence was submitted upon an agreed statement of facts, the substance of which was as follows: (a) Lewisville Title Company, a named defendant in plaintiff's original petition, had an office in Dallas County, Texas, on the date that the petition was filed; (b) Bobby Tim Martindale was a resident of Dallas County, Texas, at the time the original petition was brought; (c) the plaintiff has a prima facie cause of action against Lewisville Title Company and Bobby Tim Martindale for the purpose of this venue hearing only, without admitting that he has any right to maintain venue against the defendant Shank; and

(d) the defendant Shank is a resident of Cherokee County and was at the time of the filing of the suit and was at the time of the service of citation and filing of the plea of privilege. The parties further stipulated that the court was authorized to take judicial notice of the pleadings in the cause.

Defendant seeks a reversal on the ground that the record failed to show that venue of the plaintiff's suit against him was properly laid in Dallas County under subdivision 4 of the venue statute. More specifically, defendant asserts that the petition and controverting affidavit allege neither a joint cause of action against him and the resident defendants nor facts showing that the cause of action against the resident defendants is so intimately connected with the suit alleged against him, the nonresident defendant, that the two might be joined under the rule intended to avoid a multiplicity of suits.

Our venue statute, Article 1995, supra, provides that:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:"

Following this provision the Legislature enumerated various exceptions in which a party could be sued outside the county of his domicile. Our courts have held numerous times that this privilege granted by the above quoted statute constitutes a valuable right.

Subdivision 4 of the venue statute provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. By judicial interpretation our courts have held that in order to come within the provisions of subdivision 4 a plaintiff must (1) prove that at least one of the defendants resides in the county where the suit is brought; (2) plead and prove a cause of action against the resident defendant; and (3) allege a joint cause of action against the resident defendant and the nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action

brought against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Angelo v. Chemical Bank & Trust Co.*, 529 S.W.2d 783 (Tex.Civ.App.—Dallas 1975, writ dism'd).

Nowhere does the plaintiff's petition allege a joint cause of action or that Shank is jointly and severally liable with the resident defendants. Consequently, in order to claim the benefits of subdivision 4, it is essential that the petition allege a cause of action against the resident defendants which is so intimately connected with the cause of action against the nonresident defendant that the two should be joined to prevent a multiplicity of suits.

■ Although plaintiff is required to plead and prove by independent evidence a cause of action against the resident defendant, he is not required to offer proof of his cause of action against the nonresident defendant. Proof of a cause of action against the nonresident defendant is supplied by the petition itself. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956). Thus, insofar as the nonresident Shank is concerned, proof of venue facts under subdivision 4 depends on the sufficiency of the plaintiff's pleadings. In order for the plaintiff to maintain venue in a county other than the defendant Shank's residence, it is essential that the plaintiff's petition (1) allege a cause of action against Shank and (2) show that the cause against the resident defendants is so intimately connected with the cause of action against Shank that the two should be joined to avoid a multiplicity of suits. In our view the petition fails to satisfy either of the foregoing requirements.

■ In the first place, we think the petition is insufficient in that it fails to state a cause of action against Shank. It has been held that a cause of action involves the combination of a right on the part of the plaintiff and a violation of such right by the defendant. *American Nat. Ins. Co. v.*

*Hicks*, 35 S.W.2d 128 (Tex.Com.App.1931); 1 McDonald, Texas Civil Practice sec. 2.02 (1965 edition). The petition alleges only that the plaintiff desires to have Shank's lien subordinated to that of Blacklands. Nowhere does the petition allege a primary right possessed by the plaintiff or a corresponding duty devolving on Shank, nor does it allege a delict or wrong done by Shank which consisted of a breach of a primary right. In the absence of such allegations, the petition does not supply the necessary proof required under subdivision 4.

■ Even if the petition, in some manner, could be construed to state a cause of action, we find nothing in the petition to satisfy the additional requirement that the causes of action against the resident defendants and the nonresident defendant be shown to be so intertwined or intimately connected that the two should be joined under the rule intended to avoid a multiplicity of suits. The petition contains no allegation showing that Shank had any connection whatsoever with the real estate transaction between the plaintiff and the resident defendants in Dallas County. The petition contains no basis for making Shank a party to the suit. The petition alleges that after the real estate transaction had been closed, plaintiff discovered that, contrary to his wishes, the lien held by Shank was superior to the lien held by Blacklands and that such predicament was caused by the failure of the resident defendants to secure a subordination agreement from Beall and Shank. Nowhere is it alleged that the lien was invalid or that Shank knew or had anything to do with the real estate transaction. It appears that his only connection with the transaction was the fact that he happened to be part owner of a lien ultimately becoming superior to the lien held by Blacklands. Consequently, even if the petition could be construed as alleging a cause of action against Shank, the petition would still fall short of showing that the suit against the resident defendants is so intimately connected with that against the nonresident defendant that the two should be joined. Therefore, we hold

that the plaintiff failed to discharge the burden required by subdivision 4, and as a result defendant Shank is entitled to claim his privilege of being sued in Cherokee County, the county of his residence.

In view of the foregoing conclusion, we do not reach defendant's contention that the suit must likewise be transferred to Cherokee County on the basis of subdivision 14 requiring that suits for land be tried in the county where the land is situated.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered ordering the suit against defendant, Earl Shank, transferred to the District Court of Cherokee County under the provisions of Rule 89, Tex.R.Civ.P.