## TAYLOR v. JONES.
### No. 6601.

Court of Civil Appeals of Texas. Texarkana.
Nov. 29, 1951.

Blakeley & Blakeley, Dallas, for appellant.

Gordon R. Wellborn, Rex Houston, Henderson, for appellee.

LINCOLN, Justice.

This is an appeal from an order overruling appellant E. E. Taylor's plea of privilege to be sued in Dallas County, his place of residence.

Appellee instituted suit in Rusk County against appellant, doing business as Wood Lumber Company, A. C. Choate, a transient person, and W. C. Wolverton, a resident of Rusk County, for the sum of $1900.00, the balance due for lumber delivered by Wolverton to Choate, allegedly acting as agent for the Wood Lumber Company. No further notice will be taken of defendant Choate.

Appellant Taylor's second point asserts that "appellee failed to prove venue facts necessary to support the trial court in overruling appellant's plea of privilege on the basis of exception No. 4." Exception No. 4, Art. 1995, Vernon's Texas Civil Statutes, in part, is: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *" In order to retain venue of this case in Rusk County there must be sufficient evidence to support the allegations of appellee: (a) That W.

C. Wolverton is a resident of Rusk County; (b) that Wolverton is liable to appellee, either jointly or severally, with Choate and Taylor for the balance due on the lumber; and (c) that the non-resident, Taylor, is a proper party to said cause of action.

■ It is undisputed that Wolverton lives in Rusk County, and the facts show that Taylor is a proper party to appellee's suit. With respect to the cause of action as established against Wolverton the facts are: Appellee is engaged in manufacturing lumber in Rusk County, and sells his product wholesale. On an occasion before the one involved in this suit, he sold some lumber to appellant Taylor for which he still owes a balance of over $300. Wolverton, the resident defendant, delivered more than two truckloads of lumber in San Antonio to Choate who was allegedly the agent of Taylor. Wolverton in delivering the lumber was working on commission for appellee Jones. The facts also show that Wolverton, instead of delivering the lumber to Choate in San Antonio, as per the order theretofore received from him, left it with Choate to be sold by him for Jones. This action on the part of Wolverton in leaving the lumber to be sold by Choate was contrary to his instructions from Jones. Jones has not been paid for all of his lumber. Some of the lumber delivered to San Antonio was later moved to Dallas by appellant Taylor. If, as the facts show, Wolverton, in violation of his instructions from Jones, left the lumber on appellant's yard in San Antonio to be sold by Choate for Jones, he violated appellee's instructions and thereby became liable to appellee, together with Choate and Taylor for the value of said lumber. These facts, of course, make out a case against Wolverton in favor of Jones for all or part of the balance due for said lumber, and in this respect meet the requirement of Sec. 4, R.S. Art. 1995. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

Appellant, however, contends that the case pleaded by appellee against Wolverton was not the case proved by him. The appellee pleaded first that Taylor, Choate and Wolverton were engaged in the wholesale and retail business of selling lumber, and that on or about the dates mentioned in the orders from Choate to Jones for lumber, they were so engaged in the wholesale lumber business. The defendant pleads further in the alternative that "in the event it should be held that he is not entitled to recover the sum of $1900.00 alleged to be due him by the defendants on the specific contract and agreement heretofore alleged, then, and in that event, plaintiff alleges that the defendants, jointly and severally, with full knowledge of all the facts and circumstances, received the benefit of the said lumber furnished by the plaintiff in connection with the above described premises; and the defendants, and each of them, accordingly, by implication, agreed to pay the plaintiff the reasonable value of the said lumber so furnished by the plaintiff to the defendants; that the defendants jointly and severally accepted said lumber knowing that it was furnished them, and each of them, by the plaintiff, and knowing that the plaintiff expected them, jointly and/or severally, to pay him for said lumber; that the reasonable value of the said lumber so furnished by the plaintiff, for the benefit of the defendants, and so accepted by the defendants, and each of them, was in the sum of $1900.00." Under this alternative plea we think the appellee made a case against Wolverton. One or all of the three parties named in this suit according to the evidence owe appellee for the lumber delivered. Appellant Taylor admits owing a balance of more than $300. It is undisputed that appellee has not been paid the $1900 balance due for his lumber.

■ We think the trial court was justified in holding that this cause of action should be tried in Rusk County where one of the defendants lives. Some one or all the defendants owe Jones for his lumber, and the suit as against all of them should be tried in the same court so as to determine their several liability. The suit should not be tried by piecemeal in different counties over the state, under the facts here, to determine which of the defendants owes the balance due on said lumber, or how much each owes.

■ Moreover, no exception was taken with respect to the assertion made here for

the first time that appellee's proof did not conform to his allegations. In such circumstances Rule 67, T.R.C.P., forecloses appellant's contention. American National Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937, writ refused, w/m.

Judgment affirmed.