Howard H. MEEKER and Mildred Meeker, Appellants,

v.

W. M. & W. WELL SERVICING COMPANY, Inc., Appellee.

No. 13403.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 3, 1958.

Luther E. Jones, Jr., Oscar Spitz, Corpus Christi, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Alice, for appellee.

BARROW, Justice.

On April 25, 1958, in the District Court of Jim Wells County, Texas, L. O. Gleason, Jr., d/b/a Alice Pipe and Supply Company, as plaintiff, filed his original petition against Howard H. Meeker and wife, Mildred Meeker, d/b/a Meeker and Meeker, and W. M. & W. Well Servicing Company, Inc., as joint defendants. In his original petition, plaintiff, L. O. Gleason, Jr., alleged that Robert L. Lynd, a stockholder, officer and agent of defendant W. M. & W. Well Servicing Company, acting for and on behalf of Meeker and Meeker, contracted with plaintiff to rent and/or purchase from plaintiff 255 joints, being 7001.86 feet of 2⅞th″ Hydril N–80 tubing, at an agreed rental of seven cents per foot, or at a purchase price of sixty-five cents per foot. Plaintiff further alleged that the tubing was returned in a damaged condition and that Meeker and Meeker were responsible for the rent and damages, since the contract was made by W. M. & W. Well Servicing Company,

Inc., as an agent or representative of Meeker and Meeker. Plaintiff further alleged that in the event W. M. & W. Well Servicing Company, Inc., was not acting on behalf of defendants Meeker and Meeker, then, in effect, the statements made by said W. M. & W. Well Servicing Company, Inc., to plaintiff were misrepresentations upon which plaintiff relied to his damage, and, in such event, W. M. & W. Well Servicing Company, Inc., would be responsible to plaintiff for such rental and damages.

On April 28, 1958, the W. M. & W. Well Servicing Company, Inc., filed its original answer to plaintiff's original petition, together with a third party cross-action over and against Meeker and Meeker, alleging, generally, a contract for the re-working of the Howard H. Meeker, et al., No. 1 Well, located in Hidalgo County, Texas, which contract was fully and completely performed by said W. M. & W. Well Servicing Company, Inc., and payment for which was refused, upon demand, by Meeker and Meeker. In the alternative, said Well Servicing Company pleaded, in its third party cross-action over and against Meeker and Meeker, an open account in the amount of $6,681.23.

L. O. Gleason, Jr., d/b/a Alice Pipe and Supply Company, plaintiff in the trial court, is a resident of Jim Wells County, Texas; the defendant W. M. & W. Well Servicing Company, Inc., is a resident of Jim Wells County, and the defendants Meeker and Meeker are residents of Hidalgo County, Texas.

To both plaintiff's original petition and W. M. & W. Well Servicing Company, Inc.'s third party cross-action, defendants Howard H. Meeker and Mildred Meeker filed their pleas of privilege to be sued in the county of their residence.

These pleas of privilege of Meeker & Meeker were duly controverted by plaintiff, L. O. Gleason, Jr., d/b/a Alice Pipe & Supply Company, and by defendant and third party cross-plaintiff, W. M. & W.

Well Servicing Company, Inc., and trial upon the issues joined thereby was presented to the court without the aid of a jury. No motion for severance was filed by defendant and third party cross-defendant, Meeker and Meeker.

As a result of the hearing, the trial court on June 27, 1958, entered its order overruling all pleas of privilege theretofore filed by defendants Howard H. Meeker and Mildred Meeker, and this appeal is brought by said defendants from so much of said order of the trial court as overruled the pleas of privilege filed by them to the third party cross-action brought by defendant and third party cross-plaintiff, W. M. & W. Well Servicing Company, Inc., only. Therefore, defendants and third party cross-defendants, Howard H. Meeker and Mildred Meeker, d/b/a Meeker & Meeker, will hereafter be referred to as appellants, while the defendant and third party cross-plaintiff, W. M. & W. Well Servicing Company, Inc., will be referred to as appellee.

In order to sustain venue in Jim Wells County, plaintiff in the trial court alleged a written contract within the terms of Subdivision 5 of Article 1995, Vernon's Ann.Civ.Stats., and further relied upon Subdivision 4 of Article 1995, since the action was brought against two or more defendants, one of whom is a resident of Jim Wells County.

Appellee relied upon the provisions of Subdivision 4 of Article 1995, and further alleged that the action should be maintained in Jim Wells County in order to avoid a circuity of action and multiplicity of suits, because the matters, transactions and issues between all parties arose out of the same and identical transaction.

Upon completion of the venue hearing, counsel for appellants admitted venue in Jim Wells County as between plaintiff in the trial court and appellants herein, and the only issue to be determined upon this appeal is whether or not the entire action should be tried in Jim Wells County.

Appellee is and was, at all material times, engaged in the oil well servicing contracting business and has its office and principal place of business in Alice, Jim Wells County, Texas. Sometime prior to the 21st day of February, 1958, appellants approached appellee at its office in Alice, Texas, with a view to employing appellee to perform certain services in connection with the re-working of the Howard H. Meeker et al., No. 1 Well in Hidalgo County, and, after considerable discussion, appellants and appellee agreed upon the terms and conditions of the employment of appellee to perform these services. The terms of the agreement were shortly thereafter reduced to writing in letter form, signed by appellee and approved by appellants.

Generally, appellee agreed to furnish an adequate rig and the standard customary services in connection with cleaning the Howard H. Meeker et al., No. 1 Well, including fuel and jetting of water, for a rate of $22.50 per hour. Appellants were to have charge of the operations and work performed and were to furnish the necessary mud, chemicals, bits, special flanges or handling tools for the job and direct any third party services in testing, logging, cementing or otherwise completing the well. The letter agreement contained additional provisions not pertinent to this appeal.

When appellee got ready to work on location, it was notified by Arnold Pipe Rental Company that the pipe appellants were expecting to use in connection with the operation was not, at the time, available whereupon appellee, at the request and instance of appellants, secured the pipe involved in this suit, from L. O. Gleason, Jr., and was authorized by appellants to have the pipe invoiced direct to them for their account. Appellee then delivered the pipe to the location.

During the course of the work a portion of the pipe, while in the hole, became disengaged from the upper portion and fell

to the bottom of the hole, thereby resulting in the loss and damage to the pipe sued for by plaintiff. This pipe was subsequently returned to plaintiff's yard at Alice, Texas, in a damaged condition with a shortage of footage.

Plaintiff, Gleason, and appellee both submitted invoices to appellants, who refused to pay either of them. Plaintiff's suit and appellee's third party cross-action were then instituted as above shown.

It was stipulated that appellee, at all material times, was a corporation, having its office and principal place of business in Alice, Jim Wells County, Texas. It was also admitted at the conclusion of the evidence that venue was properly laid in plaintiff's suit. Thus it is apparent that plaintiff's suit is properly brought and maintainable in Jim Wells County.

In answer to plaintiff's suit, appellants have alleged, among other things, that plaintiff impliedly warranted that the pipe in question was good and serviceable pipe, suitable for the purpose intended, but that it was not good sound pipe and was in poor condition and as a result thereof split and parted in appellants' well, for which they seek damages against plaintiff. In answer to appellee's suit, appellants place in issue the entire cause of action alleged by appellee.

If upon a trial of plaintiff's suit it be determined that appellee was not authorized to rent the pipe on behalf of appellants, then there will develop a question of the rights of appellants and appellee as between themselves. But, in any event, there will be issues to be tried as to the responsibility for the loss and damage, as well as to the rights of all parties to the entire transaction.

Thus it is apparent that plaintiff's suit against appellants and appellee, and appellee's suit against appellants, grew out of and are parts of one and the same transaction. It being admitted that venue was properly laid in Jim Wells County, the entire controversy could and should

be disposed of in one suit so as to prevent a multiplicity of actions. Texas State Bank of Alice v. Baker, Tex.Civ. App., 275 S.W.2d 168; Taylor v. Jones, Tex.Civ.App., 244 S.W.2d 371; Compton v. Rahl, Tex.Civ.App., 94 S.W.2d 194.

The judgment of the trial court is affirmed.