**BROWN–McKEE, INC., Appellant,**

v.

**CITY OF ANDREWS, Texas, et al.,
Appellees.**

No. 8394.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 23, 1973.

Rehearing Denied Nov. 26, 1973.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

Ray Ball, Lubbock, Dan D. Sullivan, G. Bert Smith, Jr., Andrews, for appellees.

ROBINSON, Justice.

This is a venue case growing out of the retention of funds by the City of Andrews on a construction contract with appellant Brown-McKee, Inc. The trial court sustained pleas of privilege filed by appellees City of Andrews and a sub-contractor, Tommy Williams, d/b/a Williams Electrical Company, to be sued in the county of their residence. Reversed and rendered.

Appellant Brown-McKee brought the original action against the City of Andrews, Tommy Williams, and Southwestern Electric in Lubbock County to recover $16,897.43 withheld by the City on a sewerage construction contract. Brown-McKee was the general contractor and Williams was the electrical subcontractor. Southwestern was a Lubbock County resident, Williams' materialman, and the assignee of

Williams' rights under the subcontract. Appellant alleged that $9,800.00 was withheld by the City under a claim of a right to liquidated damages for failure to timely complete the contract and that $7,097.00 was withheld pursuant to a lien filed by the subcontractor Williams. Brown-McKee denied that the City was entitled to liquidated damages, but pleaded in the alternative that any delay was due to Williams' failure to timely perform his electrical subcontract and that Brown-McKee should recover from Williams any amount that it was required to pay as liquidated damages. Brown-McKee denied that Williams' affidavit of lien created a valid lien but alleged that after deductions for back charges and a payment on an internal revenue levy against Williams that it might owe Williams $4,041.48 on the electrical subcontract in the event that Brown-McKee did not recover damages from Williams because of delay. In addition, Brown-McKee alleged that it could not safely pay any sum to Williams because Williams had assigned all sums due him from Brown-McKee to Southwestern. Brown-McKee prayed for a recovery of $16,897.43 from the City, for a determination of how much and to whom it was indebted on the electrical subcontract and that Williams' lien be terminated, canceled, and held for naught.

Appellees City and Williams filed pleas of privilege. Southwestern asked for judgment against Williams on a $12,004.80 account and for judgment against Brown-McKee for any sum Brown-McKee was found to owe Williams. Williams filed a cross action against Brown-McKee for $7,097.43 and $2,000.00 attorney's fees on the electrical subcontract, but later filed a plea in abatement and disclaimer on the grounds that he had assigned everything he was entitled to recover from Brown-McKee to Southwestern.

The trial court sustained appellees' pleas of privilege and severed appellant's causes of action against the City and Williams and transferred them to the District Court of Andrews County. Appellant Brown-McKee's cause of action against Southwestern and Southwestern's cross action against Brown-McKee and Williams were retained in Lubbock County.

Appellant contends in its first three points of error that venue is proper in Lubbock County on the basis of Vernon's Ann.Civ.St. Article 1995, subd. 4. It asserts that it had a bona fide cause of action against a resident defendant, Southwestern, on the basis of its claim against Williams and Williams' assignment to Southwestern, and that both Williams and the City, non-resident defendants, were proper parties to such action.

The venue facts that must be established in order to maintain venue under Art. 1995, subd. 4 are as follows: (1) It must be proved that one defendant resides in the county wherein the suit was brought; (2) the party seeking to sustain venue must plead and prove a cause of action against the resident defendant; (3) there must be a joint cause of action alleged against the resident and non-resident defendant or a cause of action so intimately connected with his cause of action against the resident defendant that the two are properly joined. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936).

The parties agree that appellant has pleaded and proved that Southwestern is a resident of Lubbock County. It is appellees' position that Brown-McKee has not established a bona fide controversy with the resident defendant, contending that the relief sought is declaratory only. The first question for determination by this court is whether Brown-McKee both pleaded and proved a cause of action against the resident defendant Southwestern.

The testimony was largely undisputed and establishes that Brown-McKee entered into a written contract with the City of Andrews for the construction of a sewerage treatment plant in Andrews. After

substantial completion of the contract, the City of Andrews withheld and refused to pay approximately $16,900 of the contract price asserting as its reason (1) that a lien affidavit has been filed by Tommy Williams for approximately $7,000, and (2) that it was entitled to $9,800 in liquidated damages for delay. Prior to filing of the suit, Williams assigned to Southwestern its account against Brown-McKee on the contract together with all its "right, title and interest in and to the same and full authority to collect and receipt therefor." The Secretary-Treasurer of Brown-McKee testified without contradiction that Brown-McKee had paid an internal revenue levy against Williams and also that if there was any delay in completion of the contract that the delay was due to delay by Tommy Williams in completing electrical work under the subcontract.

Brown-McKee asserts that after the payment of the internal revenue levy, the amount owing Williams on the contract is approximately $4,000, but that if it should be liable to the City for liquidated damages, it would be entitled to recover in turn from Williams for the delay on his part. Thus, Brown-McKee would owe Southwestern as Williams' assignee nothing. Brown-McKee contests the validity of the lien filed by Williams as well as the amount due.

■ It is clear that the act of the City in withholding funds was the moving force in the lawsuit. It is undisputed that approximately $7,000 of such funds were withheld as a result of the lien affidavit filed by Williams. This asserted lien was transferred to Southwestern along with the claim it represents. O'Neil Engineering Co. v. First Nat. Bank of Paris, 222 S.W. 1091 (Tex.Com.App., 1920, holding approved). Brown-McKee seeks judgment that the lien filed by Williams be "terminated, cancelled, and held for naught" and that the City of Andrews pay the funds withheld to Brown-McKee. That appellant

has a bona fide cause of action and not a mere prayer for declaratory judgment is apparent from the fact that Brown-McKee cannot recover from the City of Andrews without a determination of the rights of Southwestern in the $7,000 withheld by the City.

Appellee, City of Andrews, cites the decision in Western Steel Company v. Hayek, 452 S.W.2d 732 (Tex.Civ.App.—Corpus Christi 1970, no writ), as support for its contention that even if the relief sought by Brown-McKee against Williams and Southwestern is not a mere prayer for declaratory relief that it is still not such a bona fide cause of action as to satisfy the requirements of Section 4, Article 1995.

In the Western Steel case, Western Steel and Gulf Concrete Company both sold materials to the contractor, McIntire, for use on properties owned by Hayek. Western Steel sued McIntire and sought to foreclose a lien against Hayek. Gulf Concrete intervened, likewise suing McIntire and seeking to foreclose a lien against Hayek. Gulf then unsuccessfully sought to maintain venue in the county of the residence of Western Steel against non-residents, McIntire and Hayek, on the ground that it sought a judicial determination that Gulf's lien against Hayek was superior to Western Steel's lien against Hayek. The court pointed out that Gulf had not alleged any transaction between it and Western Steel, nor did it claim that Western Steel owed Gulf anything. Considering the actual position of the parties, both Western Steel and Gulf were aligned on the same side and the court held that an artificial designation of a party plaintiff as a party defendant gives no right to fix venue in the county of his residence against residents of another county. The court further held that there was nothing in the record to show that the liens of Gulf and Western Steel were anything other than of equal dignity; thus, no bona fide cause of action had been proved concerning priority of the liens.

In the case before us, the alignment of the parties is entirely different. Brown-McKee dealt directly with both the City and Williams. The City's refusal to pay the $7,000 withheld under its contract with Brown-McKee resulted from the controversy between Brown-McKee and Williams concerning the amount due on their subcontract. In a sense the real controversy with regard to the $7,000 is between Brown-McKee and Williams. Southwestern, as Williams' assignee, is in control of the litigation with regard to Williams' claim and stands in the position of Williams. Hence, appellant has pleaded and proved a cause of action against Southwestern, the resident defendant.

We next consider whether Brown-McKee's cause of action against the City for the $9,800 withheld as liquidated damages for delay as well as Brown-McKee's alternative claim against Williams for any amount that it should be required to pay as damages for delay are both joint causes of action with the cause of action against Southwestern or, are so intimately connected as to make their joinder proper to avoid a multiplicity of suits.

In Bee County Cooperative Association v. Dominy, 489 S.W.2d 418 (Tex.Civ.App. —Corpus Christi 1972, no writ) a general contractor filed suit against a non-resident improvement owner who was withholding the balance of the contract price and, a resident subcontractor. The contractor alleged that he had completed the contract, but that if the owner was correct and the improvements were not satisfactorily completed, than the subcontractor was partly responsible. The court there held that the alternative allegations against the subcontractor were sufficient to maintain venue in the county of the subcontractor's residence.

In the case before us, the subcontractor, Williams, is not a resident of Lubbock County, but he has assigned all of his right, title, and interest in the subcontract to Southwestern, a Lubbock County resident. A finding that the subcontractor Williams is liable to Brown-McKee for the damages withheld for delay would mean that Southwestern could recover nothing on the cause of action assigned to it. It is this question of liability for damages due to alleged delay that interlocks the causes of action since it must be resolved in each cause.

We hold that appellant has alleged a cause of action against the City of Andrews and a cause of action against Williams both so intimately connected with a bona fide cause of action, pleaded and proved against the resident defendant Southwestern, that they may be joined and venue as to the entire cause of action maintained in Lubbock County.

The order of the trial court is reversed and judgment is rendered overruling the pleas of privilege.