**ESTES CHEMICAL COMPANY, Appellant,**

v.

**CIBA–GEIGY CORPORATION, Appellee.**

**No. 8404.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 29, 1973.

Rehearing Denied Nov. 26, 1973.

Gibson, Ochsner, Adkins, Harlan & Hankins, Wayne Sturdivant, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellee.

REYNOLDS, Justice.

This venue appeal is brought by Estes Chemical Company, one of the defendants and the third party plaintiff, complaining of the action of the trial court in sustaining defendant Ciba-Geigy Corporation's plea of privilege addressed to Estes' cross-action. Reversed and rendered.

Plaintiff J. C. Breeding, a farmer in Collingsworth County, preparatory to planting his cotton in June of 1969, consulted with Royce Cantrell, doing business as Cantrell Farm Center in Wheeler County, regarding the purchase of a chemical herbicide to kill any weeds which might come up with the cotton. Breeding purchased from Cantrell a chemical herbicide sold under the trade name of Cotoran, a product made by Ciba-Geigy Corporation and distributed to Cantrell by Estes Chemical Company in the exact form it was received from Ciba-Geigy Corporation. Breeding applied the Cotoran to his acreage as he planted his cotton. The cotton grew to what Breeding called "a fairly good stand," but then allegedly either died or had substantial damage.

On April 13, 1971, Breeding filed suit in Wheeler County against, and seeking recovery for damages to his cotton from, Royce Cantrell, dba Cantrell Farm Center, and Estes Chemical Company. On August 4, 1971, Estes, with leave of court and as third party plaintiff, filed its petition against Ciba Corporation and Ciba-Geigy Corporation for indemnification for any judgment Breeding might recover against Estes. On September 8, 1971, Ciba Corporation and Ciba-Geigy Corporation, which through merger is now Ciba-Geigy Corporation, filed a plea of privilege to be sued in Dallas County on the cross-action filed by Estes.

Thereafter, on April 19, 1972, Breeding filed his first amended original petition in Wheeler County, naming Cantrell, Estes and Ciba-Geigy as parties defendant to his suit. Ciba-Geigy then filed its plea of privilege to Breeding's suit on May 8, 1972. At the time of the venue hearing, there were pending before the court Breeding's suit against Cantrell, Estes and Ciba-Geigy, and Ciba-Geigy's pleas of privilege to Breeding's main cause of action and to Estes' cross-action.

The venue order issuing from the trial court on June 11, 1973, overruled Ciba-Geigy's plea of privilege against Breeding's main suit and sustained Ciba-Geigy's plea of privilege to Estes' cross-action, ordering the trial of the cross-action removed to Dallas County. Thereupon, Estes perfected its appeal. No appeal was taken from the overruling of Ciba-Geigy's plea of privilege to Breeding's main suit; therefore, that part of the venue order became final, establishing venue of plaintiff Breeding's main action against all defendants in Wheeler County.

After Estes' appeal was filed in this court, a supplemental transcript was filed reflecting that on July 19, 1973, the trial court sustained Ciba-Geigy's special exceptions founded on limitations addressed to Breeding's amended petition, dismissed Ciba-Geigy from the main suit and severed that portion from the remainder of Breeding's suit. The supplemental transcript does not indicate any objection to or appeal from this order on behalf of Breeding.

Appellant Estes predicates its appeal on three points of error. The first two points are subject to joint consideration on Estes' assertions that the cause should be reversed because, venue having been properly established in Wheeler County for the trial of Breeding's suit against Ciba-Geigy, venue of Estes' cross-action against Ciba-Geigy for indemnification is thereby properly

maintainable in Wheeler County, which additionally avoids a multiplicity of suits. Embraced within the first point of error is an attack upon the validity of the trial court's express conclusion of law stating:

"1. The venue question as between Estes Chemical Company and Ciba Corporation and Ciba-Geigy Corporation, must be determined as if this was an original suit in which Estes Chemical Company was the sole plaintiff and Ciba Corporation and Ciby-Geigy Corporation were the sole defendants."

This conclusion of law doubtlessly was predicated upon the rule stated in Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W. 2d 774 (1944), and its progeny. That case involved separate suits filed by plaintiffs Byrd and Dugat, two bus passengers, against Joe Amberson, doing business as Union Bus Lines, for personal injuries sustained in a collision between a bus operated by Amberson and a truck owned by Kimbriel Produce Co., Inc. Amberson filed a cross-action for contribution against Kimbriel in each case, and Kimbriel filed a plea of privilege to each cross-action. The pleas of privilege were tried together, both pleas were sustained and Amberson appealed the venue order. After specifically noting that the plaintiffs did not sue Kimbriel, the Supreme Court announced:

" . . . Amberson's cross-action against the third party is distinct and severable from the controversy involved in plaintiff's suit against the main defendant. Consequently, the cross-action must be treated as an independent suit, and the venue thereof must be tested on the merits of the cross-action, and independent of the venue of the plaintiff's suit."

It is appellant Estes' contention in this respect that Union Bus Lines and the cases following its reasoning are not controlling because those cases are concerned with situations where the third party defendant was in the case only in response to the cross-action and was not, contrary to the facts of the present cause, a party defendant in the main suit. Notwithstanding, appellee Ciba-Geigy asserts the applicability of Union Bus Lines and the cases holding consistent with it due to the facts that (1) at the time Ciba-Geigy filed its plea of privilege to Estes' cross-action, it was not a party to Breeding's suit, and (2) subsequent to the sustaining of Ciba-Geigy's plea of privilege to Estes' cross-action, the trial court sustained Ciba-Geigy's special exceptions to Breeding's alleged cause of action against Ciba-Geigy and dismissed Ciba-Geigy as a defendant to the main suit.

Were the determination controlled by the status of the pleadings at either of the times contended for by appellee Ciba-Geigy, the rule of Union Bus Lines would support the conclusion of law and the venue order entered by the trial court. Necessarily, however, the venue determination must be made relative to and consistent with the posture of the case at the time of the venue hearing itself. Since at that time Ciba-Geigy was a party defendant to Breeding's main cause of action, the alignment of these parties is inconsistent with the party alignment that produced the rule announced in Union Bus Lines, and renders inapplicable that rule to the venue facts shown here. Rather, the appropriate venue rule is the one implicit in the venue determination made in Kirksey v. Warren, 348 S.W.2d 33 (Tex.Civ.App.—Dallas 1961, no writ), and succinctly stated in Cape Oil Company v. Williams, 427 S.W.2d 122 (Tex.Civ.App.—Tyler 1968, no writ), to be that:

"Cross-actions that arise out of the same transaction as the plaintiff's suit, the same issues of fact and law being involved, are triable in the county that is designated by statute for the trial of plaintiff's suit."

Estes' cross-action against Ciba-Geigy arose out of the transaction that is the basis of plaintiff Breeding's main suit as it existed against these two, as well as the other, defendants at the time of the venue hearing. The same issues of fact and law were involved at the time of the venue

hearing, irrespective of any realignment of the parties attempted by the trial court after appeal of the venue order was perfected. Thus, under these circumstances, the applicable rule dictates that venue of defendant Estes' cross-action against defendant Ciba-Geigy is in Wheeler County, the county of venue fixed at the venue hearing for trial of plaintiff Breeding's suit. It follows that the trial court's conclusion of law supporting its venue order is erroneous, and the plea of privilege should have been overruled. The first two points of error are sustained.

The third point is that the trial court erred in holding that venue could not be maintained in Wheeler County under Vernon's Ann.Civ.St. art. 1995, subdivision 27. In view of the determination that venue of the cross-action is controlled by venue of the main suit, this point is not reached.

The judgment of the trial court is reversed, and judgment overruling Ciba-Geigy's plea of privilege to Estes' cross-action is here rendered. Rule 434, Texas Rules of Civil Procedure.