Edgar VON SCHEELE, Appellant,

v.

KUGLER–MORRIS GENERAL CONTRACTORS, INC., et al., Appellees.

No. 18695.

Court of Civil Appeals of Texas, Dallas.

Nov. 13, 1975.

On Rehearing Dec. 31, 1975.

Second Rehearing Denied Jan. 29, 1976.

Ralph Langley, Foster, Lewis, Langley, Gardner & Banack, William T. Armstrong, III, San Antonio, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Robert S. Addison, Storey, Armstrong, Steger & Martin, David C. Musslewhite, Moore, Peterson, Bauer, Williams & Musslewhite, Dallas, for appellees.

GUITTARD, Justice.

This appeal from an order overruling a plea of privilege exemplifies the intricacies peculiar to Texas venue law. The controversy concerns construction of the Oak Hills Motor Inn in Bexar County, Texas. The general contractor, Kugler-Morris General Contractors, Inc., sued the owner, Edgar Von Scheele, in Dallas County, alleging completion of the project and the owner's liability for the balance of the contract price. The general contractor also sued the masonry subcontractor, Dee Brown Masonry, Inc., a resident of Dallas County, alleging in the alternative that if the owner was correct in refusing to accept the work of the subcontractor and was entitled to any offset to the sum owing under the general contract because of the subcontractor's work, then the general contractor was entitled to judgment against the subcontractor for the amount of any such offset.[1]

The owner, who resides in Bexar County, filed a plea of privilege. The general contractor's controverting plea alleges that the suit may be maintained against the owner in Dallas County under Tex.Rev.Civ.Stat. Ann. art. 1995, subd. 4 (Vernon 1964) because of the subcontractor's residence in Dallas County. The nonresident defendant contends that his plea of privilege should have been sustained because the allegations of the general contractor's alternative claim against the resident subcontractor are insufficient to meet the requirements of proving a bona fide claim against the resident defendant under subdivision 4, and are

---

1. The litigation began as a suit by the masonry subcontractor against the general contractor and owner, and the general contractor's pleading is in the form of a crossclaim against the owner and a counterclaim against the subcontractor. Since our disposition of the venue question turns on the general contractor's cross-claim and counterclaim, the subcontractor's action will not be mentioned further. Neither do we find it necessary to discuss additional claims of the general contractor against the owner and against two other subcontractors.

merely conjecture, based on what the owner might do in the lawsuit. Although this contention seems to confuse the question of proper joinder of the claims against the two defendants with the question of sufficiency of proof of a cause of action against the resident defendant, we treat it as raising both questions. Thus, the questions to be decided may be stated as follows: (1) Is a claim against a resident defendant properly joined with a claim against a nonresident defendant if the claim against the resident is alleged only as an alternative to the claim against the nonresident? (2) Is proof of the alternative or contingent liability of the resident defendant sufficient to establish that plaintiff has a bona fide cause of action against that defendant? We answer both questions in the affirmative, and, accordingly, we affirm the order overruling the plea of privilege.

### 1. Joinder of Causes of Action

 Subdivision 4 of article 1995 provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Although this language is admirably simple, it has spawned a plethora of interlocutory appeals which have produced a number of conflicts in the decisions.[2] These conflicts have not arisen from any complexity or uncertainty in the statute, but rather from requirements which the courts have added to protect the defendant's "sacred right" to a trial in the county of his residence. The only venue fact specified in subdivision 4 is the residence of one defendant in the county of suit. Texas courts, however, as stated in *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936), have imposed two additional requirements: (1) plaintiff must allege a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant "so intimately connected" with the

cause of action against the nonresident defendant that the two may be joined to avoid a multiplicity of suits, and (2) plaintiff must introduce evidence at the venue hearing sufficient to establish the cause of action alleged against the resident defendant. These requirements are justified on the theory that a defendant ought not to be required to litigate in a distant county unless he is properly joined in a suit against a resident defendant and unless the plaintiff demonstrates by evidence his good faith in suing the resident defendant. *Id.* at 1303.

The two nonstatutory requirements summarized in *Stockyards* have led to much litigation because the law rarely defines with precision the causes of action that may properly be joined or the facts that must be alleged and proved to establish a cause of action for venue purposes. Although opinions resulting from almost a hundred years of litigation under subdivision 4 may be found in the South Western Reporter, and are annotated in more than a hundred columns of fine print in Volume 5 of Vernon's Texas Revised Civil Statutes Annotated, they leave a number of problems unresolved, including the problem raised by alternative claims against different defendants. Is an alternative claim, even if it arose out of the same transaction or occurrence, "so intimately connected" with the primary claim that the two claims may be joined to avoid a multiplicity of suits under the test stated in *Stockyards*?

Some of the courts of civil appeals have held that alternative causes of action against different defendants are not joinable for venue purposes because they are "separate and distinct" causes of action and are not based on any joint liability or "community of responsibility" between the defendants. *McAlister v. City of Mertens*, 43 S.W.2d 651, 652 (Tex.Civ.App.—Waco 1931, no writ); *Danciger v. Smith*, 229 S.W. 909, 910 (Tex.Civ.App.—Dallas 1921, no writ).

**2.** The cases are reviewed in 1 McDonald, Texas Civil Practice in District and County Courts § 4.10.1 *et seq.* (rev.ed.1965).

On this theory, if the cause of action alleged against a nonresident defendant is primary and that alleged against the resident defendant is alternative or contingent, the two claims have been held not properly joinable for venue purposes. *Windham v. Alpine Independent School District*, 478 S.W.2d 861, 865 (Tex.Civ.App.—Amarillo 1972, writ dism'd); *Shaver v. Hughes*, 214 S.W.2d 176, 178 (Tex.Civ.App.—Fort Worth 1948, no writ). *Windham*, which is probably the strongest case in support of the nonresident owner's contention here, involved a claim on two warrants against a nonresident school district and an alternative claim against a resident securities dealer for restitution in the event the warrants should be declared invalid. The Amarillo court of civil appeals held that joinder of these claims was not proper under subdivision 4 because of lack of a "community of responsibility" between the defendants.

On the other hand, in a case more nearly like that now before us than any of those above cited, the Corpus Christi court of civil appeals has held that alternative allegations are sufficient to maintain venue. *Bee County Cooperative Ass'n v. Dominy*, 489 S.W.2d 418, 421 (Tex.Civ.App.—Corpus Christi 1972, no writ). In that case, as in this, a general contractor alleged a primary cause of action against the nonresident owner for money due under the contract and an alternative cause of action against a subcontractor for breach of contract in the event any deficiency should be found in the subcontractor's work. The owner contend-

ed, as does the owner here, that the claim against the subcontractor was "an unaccrued cause of action which does not satisfy the requirements of Subdivision 4", but the court held that the cause of action was not hypothetical because the ultimate issue determining whether owner or subcontractor was liable was whether the project was properly completed in accordance with the contract.[3]

This decision was followed by the Amarillo court of civil appeals without referring to its *Windham* decision, in *Brown-McKee, Inc. v. City of Andrews*, 501 S.W.2d 714, 717 (Tex.Civ.App.—Amarillo 1973, no writ), which involved alternative claims by a general contractor against a nonresident owner and against the resident assignee of a subcontractor.[4]

The "community of responsibility" test applied in *Windham*, and some of the other cases above cited, was recently disapproved by this court in *Angelo v. Chemical Bank & Trust Co.*, 529 S.W.2d 783 (Tex.Civ.App.—Dallas, 1975), in which we held that a more appropriate test of proper joinder under subdivision 4 was the existence of a common question of fact. The primary claim in *Angelo*, as distinguished from the present case, was against the resident defendant and liability of the nonresident was alleged in the alternative. We now hold, in accordance with the decision of the Corpus Christi court of civil appeals in *Bee County, supra*, that the same test applies to a case in which the liability of the nonresident defendant is primary and that of the resi-

---

3. The owner's alternative allegation also asserted that if there were any deficiencies in the work, they were the result of the combined actions of the subcontractor and the owner. This allegation does not serve to distinguish that case from the present because here, also, the general contractor alleges in the alternative that the owner was guilty of "continual interference with the subcontractor and their performance on the job."

4. For other cases approving joinder for venue purposes of separate claims against different defendants arising out of the same transaction or series of transactions on the

theory of avoiding a multiplicity of suits, though not involving the same cause of action or a "community of responsibility," *see Atlas Roofing Co. v. Hall*, 150 Tex. 611, 245 S.W.2d 477 (1952); *Meeker v. W. M. & W. Well Servicing Co.*, 318 S.W.2d 678, 681 (Tex.Civ.App.—San Antonio 1958, no writ); *Taylor v. Jones*, 244 S.W.2d 371 (Tex.Civ. App.—Texarkana 1951, no writ); and *Herold v. Texas Venetian Blind Co.*, 203 S.W.2d 691, 692 (Tex.Civ.App.—Dallas 1947), mand. overruled with apparent approval of this holding in *Texas Venetian Blind Co. v. Bond*, 146 Tex. 212, 205 S.W.2d 977 (1947).

dent defendant is alternative or contingent. The same interest in avoiding multiplicity of suits exists in both types of case, and also the same possibility that a plaintiff, though clearly entitled to recover from one of two defendants, may be denied relief because the same issue of fact may be found against him both affirmatively and negatively if he is forced to litigate in two different suits. Thus, in the present case, each of the causes of action alleged by the general contractor arises from the same transaction or series of transactions, namely, the construction of the Oak Hills Motor Inn, and in each the controlling issue of fact is performance of the masonry subcontract. If a Bexar County jury, in a suit between the general contractor and the owner, finds that the masonry work was defective, and a Dallas County jury, in a suit between the general contractor and the masonry subcontractor, finds that the masonry work was properly done, then the general contractor must suffer a loss based on the subcontractor's default, but will be unable to recoup that loss from the subcontractor. Hence, we hold that the two causes of action are so intimately connected that they may be properly joined for venue purposes, under the *Stockyards* rule.

## 2. *Proof of Cause of Action against Resident Defendant*

■ The problem in alternative causes of action under subdivision 4 lies not so much in the requirement of an allegation of a properly joinable cause of action against the nonresident defendant as in the requirement of proof of a cause of action against the resident defendant at the venue hearing. If the alleged liability of one defendant is alternative in the sense that it is contingent on the nonliability of the other, then proof of a cause of action against one

must negate liability of the other. Thus, paradoxically, in such a case, plaintiff must prove by a preponderance of the evidence facts negating the liability of the nonresident defendant against whom he is seeking to establish venue. *See Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935). This result is consistent with *Stockyards,* since in that case evidence negating liability of the nonresident defendant was held not to defeat venue in the county of suit.

Even more paradoxical is a case like the present, in which the plaintiff alleges a primary claim against the nonresident defendant and only an alternative or contingent claim against the resident defendant.[5] If the general contractor is required to establish a breach of contract against the subcontractor in order to maintain venue of the suit against the nonresident owner, the general contractor's proof at the venue hearing to that extent must be contrary to its primary position in the case. Thus, in this case, the general contractor alleged in its primary claim that the contract, including the masonry work, was completely performed, and its officer so testified at the venue hearing. To show a breach by the subcontractor it introduced the testimony of the owner concerning deficiencies in the masonry work. May the general contractor be heard to assert that it has proved a cause of action for breach of contract against the subcontractor as against its own judicial admissions that the building was completed?

■ We resolve this difficulty in the light of the reasoning behind the judicially-imposed requirement of proof of a cause of action against the resident defendant. The purpose of this requirement is to establish the good faith of the plaintiff in joining the resident defendant. The theory is that

**5.** Theoretically the general contractor may avoid this difficulty by alleging his primary claim against the subcontractor for breach of the subcontract and alleging in the alternative a claim against the owner for full contract price in the event the contract was found to be completed, but we conclude that the general contractor should not be required to take this position when his own evidence will show that the contract is complete and proof of breach of contract by the subcontractor must depend on the adverse evidence offered by the owner.

proof of a cause of action against the resident defendant is necessary to establish that the resident defendant is not joined fraudulently or collusively for the purpose of maintaining venue against the nonresident defendant. *See Stockyards, supra,* and *Richardson v. D. S. Cage Co.,* 113 Tex. 152, 252 S.W. 747, 749 (1923).

We conclude that the evidence in this case is sufficient to support a finding of good-faith joinder of the resident defendant. The evidence at the venue hearing shows the elements of the general contractor's cause of action against the nonresidential owner, the owner's testimony concerning deficiencies in the masonry work and his claim against the general contractor for such deficiencies, and the contingent liability of the masonry subcontractor to the general contractor in the event the issue of completion of the masonry work should be ultimately resolved in favor of the owner. Although counsel for the owner suggests that the general contractor and the subcontractor have colluded to fix venue in Dallas County, the evidence establishes that the general contractor has a real and legitimate interest in joining the subcontractor so as to protect itself against loss in the event the masonry work is found to be incomplete. Consequently, we hold that proof of this contingent liability is sufficient to establish the good faith of the general contractor in joining the subcontractor in this suit.

Affirmed.

### ON MOTION FOR REHEARING

In footnote 1 of our original opinion we explained that although our disposition of the venue question turned on Kugler-Morris's action against Von Scheele and Dee Brown Masonry, Inc., as alleged in its cross-claim and counterclaim, the litigation began as a suit by Dee Brown against Kugler-Morris and Von Scheele. Dee Brown's claim against Kugler-Morris was for the balance due on the masonry subcontract, and his claim against Von Scheele was for interference with performance of Kugler-Morris's obligation under the subcontract.

On motion for rehearing Von Scheele contends that venue of the original action by Dee Brown should be separately considered and determined. He cites cases such as *Boyd v. Thompson-Hayward Chemical Co.,* 450 S.W.2d 937 (Tex.Civ.App.—Tyler 1970, writ dism'd), which involved subdivision 29a of article 1995 rather than subdivision 4, and held that venue of a severable third-party action or cross-claim must be determined independently of the original action.

We need not decide whether Dee Brown's actions and Kugler-Morris's action are severable, since we conclude that controlling consideration is not severability but propriety of joinder of actions to avoid a multiplicity of suits. In this connection we note that the test of joinder of actions for venue purposes under subdivision 4 differs from the test under subdivision 29a. Under subdivision 29a, which applies when none of the defendants is a resident of the county, the test is severability, based on the strict concept of "necessary parties," and no consideration is given to the problem of a multiplicity of suits. *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774, 776 (1944). On the other hand, under subdivision 4, which applies when at least one of the defendants is a resident of the county, the broader "proper party" test is used, and that test is defined in terms of avoiding a multiplicity of suits. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936). Although *Stockyards* dealt with actions by one plaintiff against more than one defendant, we see no reason why the same principle should not be applicable where, as here, the same three parties are involved in both actions.

We also find a persuasive analogy in cases where a plaintiff asserts several different causes of action against the same defendant. In such cases the courts have held that if venue is proper as against one of the several causes of action alleged, other causes of action against the same defendant may be joined in order to avoid a multiplicity of suits. *Middlebrook v. David Bradley Manufacturing Co.,* 86 Tex. 706, 26

S.W. 935 (1894); *Parkhill Produce Co. v. Pecos Valley Southern Ry.*, 348 S.W.2d 208, 209 (Tex.Civ.App.—San Antonio), *writ ref'd n. r. e. and this holding approved* in *Pecos Valley Southern Ry. v. Parkhill Produce Co.*, 163 Tex. 88, 352 S.W.2d 723 (1961). Although the claims joined here are not different claims of the same* plaintiff against the same defendant, we conclude that similar reasoning applies where the parties are the same and there is a common issue of fact. Here the two actions involve not only the same three parties, but also the same principal fact issue, namely, performance of the masonry subcontract. Clearly, the two actions should be tried together to avoid a multiplicity of suits.

In this connection we hold also that the order in which the actions were filed is not controlling. Determination of the venue question must be made relative to and consistent with the posture of the case at the time of the venue hearing. *Estes Chemical Co. v. Ciba-Geigy Corp.*, 501 S.W.2d 469, 479 (Tex.Civ.App.—Amarillo 1973), *reversed and remanded for settlement,* 505 S.W.2d 249 (Tex.1974). Since both the Kugler-Morris action and the Dee Brown action were before the court at the venue hearing, and in both actions pleas of privilege and controverting pleas had been filed, the court was not required to determine whether one action or the other should be regarded as the "main action" for venue purposes. Since the original action by Dee Brown against Kugler-Morris and Von Scheele was properly joined with the action by Kugler-Morris against Von Scheele and Dee Brown, venue of the entire controversy lay in Dallas County. Consequently, the trial court properly overruled Von Scheele's plea of privilege with respect to Dee Brown's action as well as its plea of privilege with respect to Kugler-Morris's action.

Motion overruled.