ASCH ADVERTISING, INC., Appellant,

v.

SONY CORPORATION OF
AMERICA, Appellee.

No. 5826.

Court of Civil Appeals of Texas,
Waco.

July 20, 1978.

Arch G. Adams, LeLaurin, Adams, Eichelbaum & Sanders, P. C., San Antonio, for appellant.

Robert D. Akers and Kenneth R. Guest, Whitehurst, Guest & Adair, Dallas, for appellee.

HALL, Justice.

This is a venue case involving the application of subdivision 4 of article 1995, Vernon's Tex.Civ.St.

Appellant Asch Advertising, Inc., filed this suit in Bexar County against Post T.V. and Appliance, Inc., and against appellee Sony Corporation Of America, to recover $3,180.00 allegedly due ASCH for outdoor advertising services it performed for POST. ASCH pleaded a cause of action against POST based upon a written contract executed by POST and ASCH. A copy of the contract was attached to ASCH's petition and was incorporated into it by reference. The contract names POST as "Dealer"; recites that it is "In conjunction with SONY Dealer Co-op Outdoor Advertising Program"; and, under "Monthly Space Cost" the contract provides "25% to be Dealer Obligation" and "75% to be Secured by Dealer from Co-op Funds." A square box in the upper right corner of the contract contains the words "SONY DEALER CO-OP" followed underneath with the words "Funds Available," which, in turn, is followed by the words "Yes_____ No_____" with a check mark in the blank after "Yes."

The cause of action pleaded by ASCH against SONY reads as follows:

"That in the alternative, in the event the Court finds that no contract was entered into by and between Plaintiff and POST, then and in that event, Plaintiff would show unto the Court that Plaintiff was fraudulently induced to believe that Defendant, POST, had credit with SONY when in truth and in fact, Defendant, POST, had no such credit. That plaintiff relied upon the representations of Defendant, SONY, and performed services for Defendant, POST, relying upon the representations of SONY, but that after substantial time passed, SONY, takes the position that such representations were never made and that, therefore, because plaintiff relied upon the original representations of SONY, Plaintiff is entitled to recover of and from SONY its contractual damages as plead against POST, in the sum of $3,180.00 and punitive damages by reason of such fraud and misrepresentations in the sum of $5,000.00."

ASCH prayed for recovery of $3,180.00 from POST, and "in the alternative, the sum of $8,180.00 from SONY," for interest and costs, and for general relief.

SONY filed its plea of privilege to be sued in Dallas County, the county of its residence. ASCH controverted the plea, and invoked the provisions of subdivision 4 of article 1995 for maintaining suit against SONY in Bexar County. After a hearing before the court without a jury, judgment was rendered granting SONY's plea of privilege and ordering the cause against SONY transferred to Dallas County. ASCH appeals.

Subdivision 4 of the venue statute provides, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Our parties recognize that to obtain the benefits of that venue exception the plaintiff must (1) plead and prove that one defendant resides in the county of suit; and (2) allege in his petition a joint cause of action against the resident and nonresident defendant, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. See, *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936). They also agree, and it is undisputed in the record, that POST is a resident of Bexar County and that ASCH

proved a cause of action against POST at the plea of privilege hearing. In question is whether ASCH met requirement number two, above, by pleading a joint cause of action against POST and SONY, or causes of action against each so intimately connected that they may be tried together to avoid a multiplicity of suits.`

ASCH tacitly concedes that it did not plead a joint cause of action against the defendants, but it argues that it has met the "intimately connected" requirement. Oppositely, SONY emphasizes that ASCH has pleaded distinct alternative causes against it and POST, and argues that it cannot be classed a proper party to ASCH's suit against POST.

We agree with ASCH. Accordingly, we reverse the judgment.

■ Under subdivision 4 of the venue statute the "proper party" test is defined in terms of avoiding a multiplicity of suits. *Stockyards Nat. Bank v. Maples,* supra, at 95 S.W.2d 1302; *Von Scheele v. Kugler-Morris Gen. Contractors, Inc.,* 532 S.W.2d 375, 381 (Tex.Civ.App.—Dallas 1975, writ dism.). So, it is the rule that where the plaintiff's petition shows that the causes asserted against the resident defendant and the nonresident defendant grew out of the same transaction or a series of closely related events and are so intimately connected that they should be joined to avoid a multiplicity of suits, the nonresident defendant is a proper party to the suit against the resident defendant within the meaning of subdivision 4. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319, 323 (1959); *H. Molsen & Co., Inc. v. Williamson,* 510 S.W.2d 366, 369 (Tex.Civ.App.—Dallas 1974, no writ); *State Farm Mutual Automobile Ins. Co. v. White,* 461 S.W.2d 476, 479 (Tex.Civ.App.—Tyler 1970, no writ); *Jefferson Chemical Co., Inc. v. Forney Engineering Co.,* 466 S.W.2d 361, 364 (Tex.Civ.App.—Houston [1st Dist.] 1971; writ dism.). Under the later cases (which we believe express the better rule) if the proper party test is met it does not matter that plaintiff's action against either defendant is pleaded alternatively. *Von Scheele v. Kugler-Morris Gen. Contractors,*

supra, at 532 S.W.2d 379; *Angelo v. Chemical Bank & Trust Co.,* 529 S.W.2d 783, 787 (Tex.Civ.App.—Dallas 1975, writ dism.); *Bee County Cooperative Ass'n v. Dominy,* 489 S.W.2d 418, 421 (Tex.Civ.App.—Corpus Christi 1972, no writ). And it does not matter that one is a suit on contract and the other is a tort action. *Atlas Roofing Company v. Hall,* 150 Tex. 611, 245 S.W.2d 477 (1952); *Jefferson Chemical Co., Inc. v. Forney Engineering Co.,* supra, at 466 S.W.2d 364; *State Farm Mutual Automobile Ins. Co. v. White,* supra, at 461 S.W.2d 479.

■ In our case the causes of actions pleaded against both defendants stemmed from the performance of advertising services for POST by ASCH. At issue in both actions is which defendant induced ASCH to perform the services and which is liable for payment. The liability of each defendant grows out of the same transaction, and the ultimate issues are so intimately connected that the two causes of action should be tried together to avoid a multiplicity of suits.

■ SONY argues that because its liability under ASCH's pleadings is contingent upon the nonliability of POST, venue cannot under any circumstances be maintained against SONY in the county of suit under subdivision 4, reasoning that ASCH's proof of a cause of action against POST negates liability by SONY, and that without such proof ASCH could not invoke the benefits of the statute. This argument is without merit. In *Stockyards Nat. Bank v. Maples,* supra, at 95 S.W.2d 1304, our Supreme Court held that the applicability of subdivision 4, if otherwise proper, would not be defeated "if the evidence upon the hearing of the plea of privilege affirmatively disclosed that the plaintiff had no cause of action, either joint or several, against the nonresident defendant." The Court said that the issue raised by the plea of privilege and the controverting affidavit "is venue, not liability." See also, *Texas State Bank of Alice v. Baker,* 275 S.W.2d 168, 171 (Tex.Civ.App.—San Antonio 1955, no writ); *Von Scheele v. Kugler-Morris Gen. Contractors,* supra, at 532 S.W.2d 380.

The judgment of the trial court is reversed. Judgment is here rendered denying SONY's plea of privilege. The case is remanded for trial.