**DIAMOND SHAMROCK CORPORATION,**
**Appellant,**

**v.**

**CHEM–TEX FARM SUPPLY, INC.,**
**et al., Appellees.**

**No. 9302.**

Court of Civil Appeals of Texas, Amarillo.

June 24, 1981.

Gibson, Ochsner & Adkins, Danny M. Needham, Amarillo, for appellants.

White, Self, Davenport & Bass, Charles G. White, Plainview, for appellee Chem-Tex Farm Supply, Inc.

Moran & Miller, Russel A. Moran, Dimmitt, for appellee Jimmy D. Waggoner, dba Waggoner Farm.

REYNOLDS, Chief Justice.

Questioned is the venue for an indemnity action authorized by Section 17.55A of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA)[1] when brought as a cross-action against one not otherwise a party to the consumer's DTPA suit. Statutory authorization for the action is given in these words:

§ 17.55A. Indemnity

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity, and his costs.

The trial court, by overruling pleas of privilege to indemnity cross-actions filed by two defendants against one not otherwise a party to the main DTPA suit, impliedly held that the venue of the indemnity actions is fixed by the venue of the main DTPA suit.

We hold to the contrary. Reversed and rendered.

Francisco Mendoza-Caballero brought suit in Castro County, seeking damages for the alleged commission on 14 August 1979 of acts and practices declared unlawful by section 17.50 of the DTPA. Named as the defendants were Diamond Shamrock Corporation, Chem-Tex Farm Supply, Inc. and Jimmy D. Waggoner, d/b/a Waggoner Farm Supply.[2] Diamond Shamrock, claiming a right to be sued in Potter County, filed its plea of privilege, which was controverted by Mendoza. Before a hearing was held on the plea, both Chem-Tex and Waggoner answered Mendoza's suit and pleaded, by way of cross-actions, for indemnity under the DTPA section 17.55A authorization from each other and from Diamond Shamrock.

The trial court sustained Diamond Shamrock's plea of privilege to Mendoza's suit. Mendoza appealed; we affirmed. The rationale for our judgment of affirmance was announced in an unpublished opinion. *Mendoza-Caballero v. Diamond Shamrock Corp.*, No. 9197 (Tex.Civ.App.—Amarillo, Sept. 17, 1980, no writ).[3]

Following the trial court's sustention of its plea of privilege to Mendoza's main suit, Diamond Shamrock filed its pleas of privilege to the cross-actions for indemnity, asserting the right to defend against the cross-actions in Potter County. Chem-Tex and Waggoner controverted the pleas.

After our judgment of affirmance in Cause No. 9197 became final, albeit our mandate had not then issued, the trial court

---

1. The Deceptive Trade Practices-Consumer Protection Act, usually called the DTPA, is a part of the Texas Business and Commerce Code, Section 17.41 et seq. (Vernon Supp.1980–1981). All sections cited are those of the DTPA.

2. The correct names of defendants Chem-Tex Farm Supply, Inc. and Jimmy D. Waggoner, d/b/a Waggoner Farm Supply, are furnished by their pleadings, they having been inaccurately named in Mendoza's original petition.

3. In the trial court, Mendoza unsuccessfully attempted to maintain venue in Castro County under subdivisions 4 and 23 of Article 1995,

Texas Revised Civil Statutes Annotated (Vernon 1964). On appeal, he abandoned these exceptions of the general venue statute and attempted to invoke, by authority of subdivision 30 of Article 1995, the special venue provisions under section 17.56 of the DTPA. We held, first, that Mendoza could not invoke on appeal a venue theory not presented to the trial court as a basis to maintain venue; and, second, in any event Mendoza, by failing to allege a DTPA section 17.50 claim to relief against Diamond Shamrock, did not meet his burden to clearly plead and prove the venue facts articulated in the statutory exception he attempted to invoke on appeal.

heard and overruled Diamond Shamrock's pleas of privilege to the cross-actions for indemnity without stating any basis for its decision.[4] From that decision, Diamond Shamrock brings this appeal.

■ Early established in the jurisprudence of this State was the general rule, spoken of as a cherished policy of the law, that each defendant shall be sued in the county of his domicile unless the rule is statutorily modified by specific exceptions. *Pool v. Pickett*, 8 Tex. 122, 123 (1852). The general rule, as modified by specific exceptions, was enacted into a statute. Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964; Vernon Supp. 1980–1981). One of the statutory exceptions is:

> 30. Special venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.

From time to time, the legislature, in authorizing or regulating a particular character of action, has expressly prescribed the venue for the action. It did so in enacting the DTPA to authorize a private cause of action for a consumer who has been damaged by an act or practice enumerated in section 17.50 thereof by specifically providing, at the time Chem-Tex's and Waggoner's cause of action for indemnity arose,[5] as follows:

> § 17.56. Venue
>
> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business.[6]

The interaction of these statutory venue provisions has fixed the venue of Mendoza's DTPA suit against Chem-Tex and Waggoner in Castro County. Given this premise and the provisions of section 17.55A, the issue joined on appeal is whether the venue of the cross-actions for indemnity is fixed by the venue of the main DTPA suit.

Diamond Shamrock contends, simplistically, that because section 17.55A, which authorizes the action for indemnity, does not expressly prescribe the venue for the action, the general venue rule operates to fix venue of the indemnity cross-actions against it in Potter County. To the contrary, Chem-Tex and Waggoner contend, by more elaborate reasoning, that venue of their cross-actions against Diamond Shamrock follows the venue of Mendoza's main DTPA suit in Castro County. This obtains, they reason, because, although section 17.-55A does not mention venue, their cross-actions necessarily incorporate by reference Mendoza's section 17.50 claim against them which, under their actions for indemnity, is "passed on" to Diamond Shamrock. Hence, they conclude because action 17.56 controls the venue of the section 17.50 claim, their actions for indemnity from the claim likewise fall under section 17.56 to maintain venue in Castro County.

■ The venue determination must be relative to and consistent with the posture of the case at the time of the venue hearing itself. *Estes Chemical Company v. Ciba-Geigy Corporation*, 501 S.W.2d 469, 471–72 (Tex.Civ.App.—Amarillo 1973), *set aside for settlement*, 505 S.W.2d 249 (Tex.1974); *Von Scheele v. Kugler-Morris Gen. Contractors*, 532 S.W.2d 375, 382 (Tex.Civ.App.—Dallas 1975, writ dism'd); *Wallace Co. v. Rockwell Intern.*, 568 S.W.2d 404, 407 (Tex.Civ.App. —Corpus Christi 1978, no writ). At the time of the venue hearing, Diamond Shamrock was no longer a defendant to Mendoza's main DTPA suit in Castro County. As the case was then postured, Chem-Tex and

---

4. In ruling on a plea of privilege, the trial judge need not, although he may, file findings of fact or conclusions of law. Tex.R.Civ.P. 385(e), now Tex.R.Civ.P. 385(b).

5. Controlling are the DTPA statutory provisions which were in effect at the time the cause of action arose. 1979 Tex.Gen.Laws ch. 603, § 9, at 1332; *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 172 (Tex.1980).

6. 1977 Tex.Gen.Laws ch. 216, § 17.56, at 604. The statute was amended effective 27 August 1979 to eliminate the "has done business" proviso as a venue fact and, in lieu thereof, to substitute other venue criteria.

Waggoner were attempting to make Diamond Shamrock a party to the main suit through their cross-actions for indemnity, the character of which should be noticed.

■ Prior to the 23 May 1977 effective date of section 17.55A, it had been judicially determined that, because the legislature in creating the DTPA statutory cause of action did not provide for indemnity, the right of indemnity in a DTPA action did not exist. *Volkswagen of America, Inc. v. Licht*, 544 S.W.2d 442, 447 (Tex.Civ.App.— El Paso 1976, no writ). The added section 17.55A alters the law to the extent that a defendant may seek indemnity from one who may have liability for the claim brought by the consumer against the defendant; yet, in authorizing the indemnity action, the legislature did not expressly prescribe the venue therefor. For venue purposes, then, the character of the cross-action for indemnity is distinct and severable from the controversy in the main DTPA suit, and must be tested on the merits of the cross-action independently of the main suit. *Accord, Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 776 (1944).

The general rule that Diamond Shamrock has the right to defend against the cross-actions in Potter County is not modified by Chem-Tex's and Waggoner's contention that the section 17.56 venue exception controls. That section expressly fixes venue for a section 17.50 claim to relief, not for a section 17.55A action for indemnity. Nowhere in either Chem-Tex's or Waggoner's cross-action is there asserted a section 17.50 claim to relief against Diamond Shamrock; instead, both assert only the entitlement to indemnity for any damages adjudged against them and for reasonable attorneys fees "Pursuant to Section 17.55A of the Texas Business and Commerce Code . . . ."

■ Nor is the general rule modified by the contention that the cross-actions necessarily incorporate Mendoza's section 17.50 claim to relief so as to bring the cross-actions within the section 17.56 venue exception. To accede to such modification of the general rule would be to sustain venue by implication, which never is permissible.

*Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825, 828 (1950).

■ To maintain venue of their cross-actions in Castro County, Chem-Tex and Waggoner had the burden to plead and prove the venue facts of an exception to the general venue rule which is applicable or appropriate to the character of the actions they alleged against Diamond Shamrock. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91, 93–95 (1935). They have failed to do so under their theory that the venue of a cross-action for indemnity against one not otherwise a party to the main DTPA suit is fixed by the venue of the main suit.

■ We recognize that a cross-action for indemnity in a DTPA suit arises from the controversy in the main suit and that it would be more convenient, as well as avoid a multiplicity of suits, to settle the controversy among all the litigants in a single suit. Nevertheless, in view of the positive general rule of venue, a court is neither authorized nor justified in engrafting an additional exception to the general rule to avoid a multiplicity of suits. *See Union Bus Lines v. Byrd, supra*, at 775.

Accordingly, we reverse the judgment of the trial court and render the judgment the trial court should have rendered. Tex.R. Civ.P. 434. The plea of privilege filed by Diamond Shamrock Corporation is sustained. The cross-actions for indemnity filed by Chem-Tex Farm Supply, Inc. and Jimmy D. Waggoner, d/b/a Waggoner Farm Supply against Diamond Shamrock Corporation are ordered transferred to a district court in Potter County.